In re Butt.

(No. 8410184—Decided
November 16, 1984.)

Court of Common Pleas of
Cuyahoga County, Juvenile Division.

*Charles Cohen,* for petitioner.

HARRIS, J. The pleading, styled as "Complaint For Writ of Habeas Corpus," and signed by Wendy J. Rockenfelder, Assistant Prosecuting Attorney of Tuscarawas County, Ohio, alleged as follows:

1. Edward J. Butt, Jr. is a minor child, date of birth, April 7, 1981, and a resident of Cuyahoga County, Ohio.

2. The petitioner, Tuscarawas County Department of Human Services, Children's Services Bureau, has legal temporary custody of Edward J. Butt, Jr. by journal entry of January 6, 1984, in case No. 83DR10409 from the Tuscarawas County, Ohio, Court of Common Pleas.

3. The respondent, Edward J. Butt, Sr., is the natural father of Edward J. Butt, Jr.

4. After the journal entry of January 6, 1984, the petitioner allowed the minor child to reside with the respondent but retained legal temporary custody.

5. On October 12, 1984, respondent was indicted by the Cuyahoga County Grand Jury on three counts of rape, one count of sexual battery and one count of kidnapping. Respondent is presently free on bond.

6. Petitioner is desirous of regaining possession of said minor child in that petitioner fears the minor child may be in danger.

7. Petitioner believes the respondent will hide said minor child if respondent is informed of its efforts to regain possession of said minor.

8. Respondent has informed his wife, Shirley Butt, that he will hide said child if anyone tries to pick up said child.

9. Further, case No. 83DR10409, Tuscarawas County, Ohio, Court of Commons Pleas, *Edward J. Butt, Sr.* v. *Shirley Ann Butt,* is set for hearing on November 29, 1984 at 8:30 a.m.

10. It is in the best interest of the child to be placed in protective care until the issue of custody can be resolved in case Number 83DR10409.

11. Edward J. Butt, Jr. is believed to be living at 1625 Auburn, Cleveland, Ohio.

The *"ex parte"* request was that this court grant immediate possession of the child, Edward J. Butt, Jr. to the Tuscarawas County Department of Human Services under authority of an issued writ of habeas corpus.

Mr. Charles Cohen, Chief Counsel of the Cuyahoga County Department of Human Services, Social Service Division, appeared for petitioner, Tuscarawas County Department of Human Services. Ms. Linda Bettini and Ms. Marty Bodinger, employees of the Tuscarawas County Department of Human Services, were also present.

Mr. Cohen presented that the Cuyahoga County Department of Human Services, Social Service Division, was acting on behalf of the Tuscarawas County Department of Human Services as a courtesy in reciprocity. He further indicated that the Cuyahoga County Sheriff's Office had been notified and

was standing, in waiting, to accompany the two social workers to a nursery school where the minor child was in attendance. The child would be forthwith removed therefrom under the color of the authority of the writ of habeas corpus, were the same to issue. No notice had been given the father, and none would be, as petitioner contended that the Tuscarawas County Department of Human Services already had temporary custody by a journal entry of January 6, 1984 in cause No. 83DR10409.

Upon this court's inquiry and perusal of the documents presented, it was noted that Exhibit "A" said within the "Complaint" to be attached was indeed not there. Mr. Cohen then provided the court with an uncertified document he claimed to be a photocopy of said journal entry. By direct telephone inquiry with the Honorable Judge Roger G. Lile of the Tuscarawas County Juvenile Court, this court later received, by mail, a certified copy of a different judgment entry, dated November 15, 1984. At the exigent time of the *ex parte* hearing, however, only a purported copy of a January 6, 1984 judgment entry was laid before this court.

Upon further inquiry, this court determined from the social workers that the Tuscarawas County Department of Human Services itself had placed this child with the father, but now was "concerned" and "disillusioned" with its original placement decision. The reason proffered was that the custodian-father had been indicted in Cuyahoga County on three counts of rape, one count of sexual battery and one count of kidnapping. No copies of such indictments or any other related documents were provided. Upon further inquiry, the court determined that the alleged indictments against Edward J. Butt, Sr. did not involve the child in question, but another older child; and that the alleged criminal acts were alleged to have occurred some

three years ago. Upon further inquiry, this court determined that the Tuscarawas County Department of Human Services had no information that the child, Edward J. Butt, Jr. was in danger or other jeopardy other than the eventuality that said child would be "destitute if and when the father were convicted and sent to prison."

Upon further *in camera* inquiry, the social workers related that initial and all previous planning and contact with the Social Services Department of the Cuyahoga County Department of Human Services had been with Mr. Carl LoPresti, a subordinate, and not with Mr. Cohen.

Finally, upon further inquiry, this court determined that the Tuscarawas County Juvenile and Domestic Relations Divisions are part of a family court entity, and, that the father, Edward J. Butt, Sr., and the mother, Shirley Butt, were scheduled to appear before the Honorable Roger G. Lile, the judge in divorce case No. 83DR10409, within a fortnight.

It is upon these facts as presented and as determined by the court's inquiry that a writ of habeas corpus is sought.

Although this *ex parte* set of circumstances is pregnant many-fold with other issues, only one need be attended by this court. Does the petitioner, Tuscarawas County Department of Human Services, have an adequate remedy in the ordinary course of the law?

This court believes the answer is in the affirmative. The question is well-settled. The extraordinary writ of habeas corpus is ordinarily denied when petitioner has an available legal remedy. *In re Piazza* (1966), 7 Ohio St. 2d 102 [36 O.O.2d 84]; *In re Hunt* (1976), 46 Ohio St. 2d 378 [75 O.O.2d 450].

The writ of habeas corpus is denied.

*Writ denied.*