In re Anteau, a Minor.

(Decided February 10, 1941.)

*Mr. Robert J. W. Meffley,* for Betty Norris Anteau.
*Mr. Edward Lamb* and *Mr. Lowell Goerlich,* for Richard B. Anteau.

Carpenter, J. When Mary Louise Anteau was twenty months old, her parents were separated. Her father, Richard B. Anteau, was living with his parents in Toledo, Ohio, and her mother, Betty Anteau, with her mother in Flint, Michigan. Betty Anteau's attorney, in his own name, under Section 1639-23, General Code, filed a complaint in the Common Pleas Court, division of domestic relations, of Lucas county, Ohio, alleging that Mary Louise Anteau was "a dependent child" and that her parents were separated.

Under Section 1639-21, General Code, the court referred the matter to one of its referees. At the hearing on the complaint, both parents appeared and, with numerous witnesses, testified at length. On the report of the referee, the court adjudged the child dependent, and, over the objections and exceptions of the mother, awarded its general custody to the father "until further order of the court," subject to visita-

tion privileges reserved to the mother. From this judgment the mother of the child appealed on questions of law.

The father has filed a motion to dismiss this appeal on two grounds:

"1. That the adjudication * * * appealed is not a final judgment or order."

The reason assigned for this claim is that the order is a continuing one which the lower court may change at any time.

Section 12223-2, General Code, defines final orders, among which is "an order affecting a substantial right made in a special proceeding." This matter was a "special proceeding." *Missionary Society* v. *Ely,* 56 Ohio St., 405, 47 N. E., 537; *Village of Canfield* v. *Brobst,* 71 Ohio St., 42, 48, 72 N. E., 459. To these parents it affected a substantial right, the custody of their child. In principle, *Neil* v. *Neil,* 38 Ohio St., 558, is exactly in point. That was a divorce action and the court had made an order respecting custody of children. Nine years later the parent to whom custody was not awarded filed a petition for modification of the custody order, which was dismissed. This was a final order from which error was properly prosecuted. Although the original order did not expressly reserve continuing jurisdiction over such custody, the court said, page 559:

"A reservation in the decree of authority to so modify is not essential to the exercise of such power."

The Court of Common Pleas, division of domestic relations, of Lucas county, is a court of record and Sections 12223-3 and 12223-27, General Code, tell us that appeals on questions of law may be taken from its final orders. These sections only carry out the provision of the Constitution of Ohio which defines, beyond legislative control, the jurisdiction of the Courts of Appeals. Section 6, Article IV, Constitution.

What the courts of other jurisdictions may have said about their jurisdictional problems is of no moment here where the subject is fully covered by our constitutional and statutory provisions. Many of the decisions of this state on the question of the courts' jurisdiction were rendered obsolete by the constitutional amendment of 1912 creating the Courts of Appeals.

2. The next claim is that the affidavit "does not state a jurisdictional charge."

Section 1639-23, General Code, expressly provides that "such complaint shall be sufficiently definite by using the word 'dependent.'" The age of the child, "20 months," is stated, thus making it a Juvenile Court case.

It is also said the court "made no adjudication of dependency in its judgment." A reading of the order answers this; the court first found "that Mary Louise Anteau is a dependent child and should be made a ward of this court" and then adjudged "that Mary Louise Anteau is a dependent and that she be and hereby is made a ward of this court."

All the other claims made on the motion to dismiss the appeal relate to the merits of the case and require an examination of the evidence, hence they are not raised by the motion to dismiss the appeal, which is overruled.

The court recognizes that a court exercising Juvenile Court jurisdiction is invested with a very broad discretion, and, unless that power is abused, a reviewing court is not warranted in disturbing its judgment. On examination of the long record in this case, the court finds the evidence in conflict, and it can not say the court's judgment was either contrary to law or that it was not sustained by the evidence. Hence, it must affirm the judgment.    *Judgment affirmed.*

OVERMYER and LLOYD, JJ., concur.