IN RE HUNT ET AL.

[Cite as In re Hunt (1976), 46 Ohio St. 2d 378.]

(No. 75-1128—Decided June 16, 1976.)

*Mr. L. E. Downey,* for appellant.
*Mr. Walter E. Thayer,* for appellee.

STERN, J. Appellant contends that the dependency complaint filed by the appellee was insufficient to give the Juvenile Court jurisdiction; that the *ex parte* emergency custody order is consequently unlawful; and that the appellant is entitled to a writ of habeas corpus to dissolve the unlawful custody.

The language of the complaint is as follows:

"The undersigned, Lillian Hunt, says that she has knowledge of certain children, to-wit: Christopher Steven and David Michael Hunt age 7 and 5 years, respectively * * * who appear to be dependent in that their condition or environment is such as to warrant the state, in the interests of the children, in assuming their guardianship, * * *." Much of this language is a direct quotation of R. C. 2151.04(C), one of the statutory definitions of a dependent child.

Prior to 1969, R. C. 2151.27 provided that a complaint was "sufficiently definite by using the word * * * dependent * * *," and lower courts upheld complaints based upon bare allegations of dependency. *In re Anteau* (1941), 67 Ohio App. 117, 36 N. E. 2d 47; *In re Hayes* (1938), 28 Ohio Law Abs. 154; *In re Decker* (1930), 28 N. P. (N. S.) 433. Effec-

tive November 19, 1969, R. C. 2151.27 was amended to require that "in addition to the allegation that the child is * * * dependent * * * the complaint must allege the particular facts upon which the allegation of * * * dependency * * * is based." The same requirement is repeated in Juv. R. 10(B) (1), which provides that the complaint shall:

"State in ordinary and concise language the essential facts which bring the proceeding within the jurisdiction of the court * * *."

It is apparent that this complaint, which recites only an allegation of dependency, is insufficient, for it fails to set out any particular facts. The Juvenile Court could make no findings, on the basis of this complaint, that the children were dependent, that the court had jurisdiction, or that the children's interest and welfare would require an order of temporary custody under R. C. 2151.33 or Juv. R. 13.

We agree with the appellant that this complaint is defective. We do not agree, however, that a writ of habeas corpus is the proper remedy to challenge the complaint or the emergency custody order based upon it.

Juv. R. 22 provides:

"(A) Pleadings in juvenile proceedings shall be the complaint and the answer, if any, filed by a party. A party may move to dismiss the complaint or for other appropriate relief.

" * * *

"(C) No answer shall be necessary. A party may file an answer to the complaint, which, if filed, shall contain specific and concise admissions or denials of each material allegation of the complaint.

"(D) Any defense, objection or request which is capable of determination without hearing on the allegations of the complaint may be raised before the adjudicatory hearing by motion. The following must be heard before the adjudicatory hearing, though not necessarily on a separate date:

"(1) Defenses or objections based on defects in the institution of the proceedings;

"(2) Defenses or objections based on defects in the complaint (other than failure to show jurisdiction in the court or to charge an offense) which objections shall be noticed by the court at any time during the pendency of the proceeding; * * *"

Under this procedural framework, appellant had the opportunity to file an answer, to file motions to dismiss based upon the insufficiency of the complaint and the failure to show jurisdiction, to file a motion to terminate the temporary order, or to request other relief. No reason appears why the ordinary procedures of answer and motion are not adequate in providing remedies for the claim appellant raises here.

In general, habeas corpus is not available where another adequate remedy exists. "Habeas corpus is an extraordinary remedy and as with every extraordinary remedy is not available as a means of relief where there is an adequate remedy in the ordinary course of the law. *In re Burson,* 152 Ohio St. 375. Habeas corpus may not be used as a substitute for appeal nor may it be resorted to where an adequate statutory remedy for review of the questions presented exists." *In re Piazza* (1966), 7 Ohio St. 2d 102, 103, 218 N. E. 2d 459; *In re Clendenning* (1945), 145 Ohio St. 82, 60 N. E. 2d 676. Cf. *Sunal* v. *Large* (1947), 332 U. S. 174, 177-84.

This case presents no circumstances which would warrant use of the extraordinary remedy of habeas corpus in place of the usual procedures under the Juvenile Rules, or, if necessary, the procedures for appeal. Accordingly, the judgment of the Court of Appeals denying the writ is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, W. BROWN and P. BROWN, JJ., concur.

CELEBREZZE, J., concurring in part and dissenting in part.

The majority opinion properly concludes that R. C. 2151.27 and Juv. R. 10(B)(1) require that particular facts be recited in a complaint filed in Juvenile Court in a dependency action, and that the absence of such particularity renders the complaint insufficient to confer jurisdiction upon the Juvenile Court.

R. C. 2151.27 provides that "* * * the complaint must allege the particular facts upon which the allegation of * * * dependency * * * is based."

Juv. R. 10(B)(1) requires the pleader to "[s]tate in ordinary and concise language the essential facts which bring the proceeding within the jurisdiction of the court * * *."

A majority of this court *concedes* that the complaint filed in the cause at bar, which purported to confer jurisdiction upon the Juvenile Court of Ashtabula County, is *deficient* in light of R. C. 2151.27 and Juv. R. 10(B)(1). However, a majority of this court denies the relief requested because appellant allegedly selected an inappropriate procedural remedy.

I fully agree that the extraordinary writ of habeas corpus is not to be used as a substitute for appeal. *In re Piazza* (1966), 7 Ohio St. 2d 102, 103. However, where, as in this case, the writ is being used to contest the jurisdiction of the Juvenile Court to make even a temporary order of custody in the absence of "essential" or "particular" facts being alleged in the complaint, then, in my judgment, habeas corpus affords an appropriate remedy.

Paragraph three of the syllabus in *In re Frinzl* (1949), 152 Ohio St. 164, states:

"Although under Section 12165, General Code, a writ of habeas corpus will not be allowed if it appears that the person alleged to be restrained of his liberty is confined by virtue of a judgment or order of a court of record and that the court or magistrate had jurisdiction to make the order, *a writ may issue where the court was without jurisdiction to make the order and it is void ab initio.*" (Emphasis added.)

See, also, *Williams* v. *Williams* (1975), 44 Ohio St. 2d 28.

In this instance, the writ of habeas corpus is being employed to test the *immediate* right to possession of the children. See *May* v. *Anderson* (1953), 345 U. S. 528. While it is not my intention to widen the sphere encompassing the use of extraordinary remedies, and while the course plotted by the majority is not totally without merit, to me, it seems more equitable to approve the procedure utilized by appellant under the facts of this case. Allowance of the writ in this case would not extend the circumstances in which the remedy of habeas corpus may be utilized for, as stated in *In re Frinzl, supra,* at page 174, due to the Juvenile Court's lack of jurisdiction, the present attack upon its order is "not collateral but direct."

Appellant is a resident of the state of Michigan. She came, with her two children, to Ohio, to visit her mother. While in this state she became ill, and required hospitalization. Five days later, and while appellant was still hospitalized, her mother instituted the aforementioned dependency action. As previously stated, it is undisputed that the dependency complaint filed by appellant's mother is totally devoid of factual support, for *no facts* are alleged therein. Such facts are required, however, by R. C. 2151.27 and Juv. R. 10(B)(1). Nevertheless, pursuant to the majority opinion, appellant continues to be deprived of her children.

The writ of habeas corpus is available to contest an order of a court void *ab initio* due to the absence of jurisdiction. *In re Frinzl, supra.* The writ is also available to determine the right of a parent to the *immediate* possession of her children. *May* v. *Anderson, supra.* Appellant, in this cause, seeks a determination of her right to the immediate possession of her children as a result of a court order, void *ab initio*, depriving her of custody. The writ of habeas corpus should be allowed.

For the foregoing reasons, I concur in paragraph one of the syllabus, but dissent from the judgment rendered herein.