In re Adoption of Jorgensen.

(No. 5-85-3—Decided June 13, 1986.)

*Drake, Phillips, Kuenzli & Clark* and *Thomas D. Drake,* for appellant.

*Patterson W. Higgins,* for appellee.

GUERNSEY, P.J. This is an appeal by Clayton A. Payne, the natural father of the minor child herein involved, from a final decree of adoption rendered by the Probate Division of the Court of Common Pleas of Hancock County on January 18, 1985, ordering that the petition filed by the child's stepfather, Thomas G. Jorgensen, for the adoption of the child be granted.

The petition was filed on March 22, 1984. Thereafter, on July 6, 1984, after a hearing on the issue of the necessity of the appellant's consent, the trial court filed its order finding that the appellant had failed without justifiable cause to communicate with the child from March 22, 1983 to March 22, 1984 and that his consent to the adoption was not required. The appellant took no timely appeal from that order and the cause was continued for further hearing to determine if it would be in the best interest of the child for the petitioner to adopt.

On August 22, 1984, after a hearing on the issue of the best interest of the child, but without notice to the appellant natural father of such hearing, the trial court entered a final order of adoption. However, on October 29, 1984, the appellant moved under Civ. R. 60(B) for vacation of that order because the trial court "scheduled and conducted the final hearing on the petition without giving prior notice of said hearing to Clayton A. Payne, the natural father, or his counsel."

On November 27, 1984, the trial court entered its judgment vacating the August 22, 1984 order of adoption, continuing the case for final hearing as

to the best interest of the child, and further ordering:

"3. The Clerk of this Court shall send notice of said hearing in accordance with law to counsel for the Petitioner and counsel for the natural father. However, neither the natural father nor his counsel will be permitted to appear and participate in said final hearing."

Apparently such notice was given to appellant and apparently neither he, nor his counsel, appeared at the best-interest hearing held thereafter.

The appellant makes the following assignments of error, and we will treat the last two assignments together and before the first assignment:

"1. The Probate Court erred to the prejudice of the appellant, and denied appellant due process of law, when it prohibited appellant from attending and participating in the final hearing held on December 28, 1984.

"2. The finding of the court below that the appellant's consent was not necessary was against the manifest weight of the evidence.

"3. The court below committed prejudicial error in limiting the relevant time period, during which appellant's defense of justifiable cause was applicable, to the one year period immediately prior to the filing of the petition."

The latter two assignments of error are attacks upon the judgment of the lower court finding the consent of the appellant not necessary to the adoption proceeding. This judgment of the lower court was entered on July 6, 1984, and no appeal was taken therefrom by the appellant within thirty days of that date. This raises only the question of whether it was a final appealable order.

*In re Adoption of Salisbury* (1982), 5 Ohio App. 3d 65, 5 OBR 161, 449 N.E. 2d 519, has been cited by the appellant as authority that an order finding the consent of a natural parent unnecessary is interlocutory and not a final appealable order. It is true that the order in that case was found not to be a final appealable order, but only because the *nunc pro tunc* order in that case entered July 31, 1979 adjudicated fewer than all the claims for relief.

We prefer instead the conclusion which we adopt, and which is exactly on point, made in the first footnote in Judge Markus' opinion in the case of *In re Adoption of Hupp* (1982), 9 Ohio App. 3d 128, 9 OBR 192, 458 N.E. 2d 878, on facts distinguishable from the procedural facts in *Salisbury*. That footnote reads in pertinent part:

"After determining the father's consent was not required, the trial court postponed its hearing to determine whether the adoption would be in the best interests of the children under R.C. 3107.14(C), pending the outcome of this appeal. The ruling which denies the father a right to grant or deny consent is appealable as 'an order affecting a substantial right made in a special proceeding.' R.C. 2505.02. Adoptions are special statutory proceedings, which have no counterpart at common law. *In re Adoption of Biddle* (1958), 168 Ohio St. 209 [6 O.O. 2d 4]. This order affects a substantial right. Cf. *Neil* v. *Neil* (1883), 38 Ohio St. 558; *In re Anteau* (1941), 67 Ohio App. 117 [21 O.O. 129]. Decisions reviewing similar orders at this stage of the proceedings include *In re Adoption of Lewis* (1966), 8 Ohio St. 2d 25 [37 O.O. 2d 376], and *In re Adoption of Caraballo* (May 25, 1978), Cuyahoga App. No. 37493, unreported."

Accordingly, we conclude that the July 6, 1984 order was a final appealable order and, no appeal having been taken within thirty days therefrom, all the matters which could have been reviewed had an appeal been taken have now become *res judicata* and are not reviewable in a subsequent

appeal taken from the final adoption order. For such reasons we find the second and third assignments of error without merit.

We come then to consideration of the first assignment of error dealing with the appellant's right to be heard at the hearing as to the best interest of the child.

Under R.C. 3107.06 an adoption of a minor conceived or born in wedlock may be granted only if written consent has been executed by its natural father, unless consent is not required by R.C. 3107.07. R.C. 3107.07(A) dispenses with the requirement of consent from its natural father where the court finds that the natural father has failed without justifiable cause to communicate with the minor or to provide for its maintenance and support as required by law or judicial decree for a period of at least one year immediately before the filing of the adoption petition. Justice Wright said in *In re Adoption of Holcomb* (1985), 18 Ohio St. 3d 361, 368, 18 OBR 419, 425, 481 N.E. 2d 613, 620, "[b]ecause cases such as these may involve the termination of fundamental parental rights, the party petitioning for adoption has the burden of proving, by clear and convincing evidence, that the parent failed to communicate with the child during the requisite one-year period and that there was no justifiable cause for the failure of communication. * * *" (Emphasis deleted.)

Judge Norris said in *In re Adoption of Anthony* (1982), 5 Ohio App. 3d 60, 62, 5 OBR 156, 159, 449 N.E. 2d 511, 514-515:

"It is apparent from the language of the statute that the General Assembly has endeavored to enact an objective test against which probate courts might measure the degree to which a parent must have voluntarily abandoned his parental responsibility as a condition precedent to his having forfeited his parental rights. Because the statute *provides for cutting off the statutory right of a parent to withhold his consent to the adoption of his child* by another, and is in abrogation of the common-law rights of natural parents, the provisions of the statute must be strictly construed to protect the rights of the natural parent * * *." (Emphasis added.) See, also, *In re Adoption of Salisbury, supra.*

The solution to the problem lies in the strict construction of R.C. 3107.07 (A) and its ultimate effect. It does not constitute consent to an adoption, but merely, in the words of Judge Norris, "provides for cutting off the statutory right of a parent to withhold his consent to the adoption of his child." Nor does its operation result directly in the adoption to which it relates. It only permits a court to proceed with the adoption and then only when it finds after hearing that the adoption is in the best interest of the child and enters a final decree of adoption. Until that time, all of the rights and obligations of parenthood remain in the natural parent. Any statutory or decretal obligation of support may be enforced. Should the probate court fail to find that the adoption is in the best interest of the child, any parental rights lost by the parent due to the operation of R.C. 3107.07(A) are necessarily restored.

Thus, until the hearing on the merits of the petition and the best interest of the minor child has been determined the natural parent not only retains parental rights and responsibilities but retains an overriding interest in being heard relevantly on the issue of whether the proposed adoption would be in the best interest of the child. It is not difficult to imagine a scenario where a natural parent, even though he or she could not bar the adoption by withholding consent, could offer evidence of probative value that the adoption proposed would not be in

his or her child's best interest. "Generally, nonconsenting parents are entitled to a hearing." (Footnote omitted.) 2 Corpus Juris Secundum (1972) 516, 517, Adoption of Persons, Section 88.

Our conclusion is consistent with the requirement of R.C. 3107.11 that notice of the time and place of the best-interest hearing shall be given to a person whose consent is dispensed with upon any ground mentioned in division (A) of R.C. 3107.07, but who has not consented. Such requirement is meaningless in the absence of a right to attend and be heard.

Accordingly, we find the first assignment of error well-taken requiring reversal of the decree of adoption and remand to the trial court for a new trial as to the best interest of the minor child and further proceedings as provided by law consistent with this opinion.

*Judgment reversed and cause remanded.*

COLE and MILLER, JJ., concur.