**In the Matter of
Adoption of Sunderhaus**
*[Cite as 7 AOA 531]*

*Case No. CA89-12-176*

*Butler County, (12th)*
*Decided October 15, 1990*

*Fred Ross, Finkelman and Ross, First National Bank Building, Middletown, Ohio 45042, for Appellee.*

*Paris K. Ellis, 1440 S. Breiel Boulevard, Middletown, Ohio 45044, for Appellant.*

KOEHLER, J.

This cause comes before this court from a final appealable order[1] of the Butler County Court of Common Pleas, Probate Division, in an adoption proceeding.

The trial court found that appellant James Zimmerman's consent to the adoption was not required under R.C. 3107.07(A) since he had failed without justifiable cause to communicate with or support the minor child for one year immediately preceding the filing of the adoption petition.[2]

In his timely appeal, appellant asserts a single assignment of error:

"THE COURT ERRED WHEN IT HELD THE
CONSENT OF THE NATURAL FATHER
WAS NOT NECESSARY FOR THE
ADOPTION TO PROCEED TO THE
NEXT STAGE."

We find that the assignment of error is meritorious and therefore we reverse and remand.

Appellant and the natural mother of the minor child were never married but lived together for some period prior to the birth of the child on December 16, 1986. Appellant signed the child's birth certificate and never denied that he was her biological father. Shortly after the birth of the child, the parties separated and, on October 10, 1987, the mother married Jerry Donald Sunderhaus, the petitioner for adoption in the cause below.

On October 11, 1988, appellant herein filed a complaint in the Butler County Court of Common Pleas, Juvenile Division, to establish paternity of the child pursuant to Chapter 3111 of the Ohio Revised Code. In a somewhat unusual response to the complaint, the mother answered by alleging that appellant "may not be the biological father of said minor child."

On December 1, 1988, the petition for adoption was filed with annexed statements and a copy of the mother's paternity action answer. Seven-and-one-half months after the adoption petition was filed, an agreed entry was filed on June 13, 1989 in the paternity action which found appellant to be the natural father of the child. However, the juvenile court made no order for support nor provision for visitation, holding these issues in abeyance until the adoption proceedings were concluded.

The trial court, in its opinion and entry of November 17, 1989, implicitly recognized appellant as a person whose consent was required,[3] but for the provisions of R.C. 3707.07(A), which reads as follows:

"Consent to adoption is not required of any of the following:

"(A) A parent of a minor, when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner."

As a putative father, appellant incurred no legal obligation to support the minor child and obtained no right or privilege of visitation with the child. Such was the status when the petition for adoption was filed and that status existed in the year preceding the filing of the petition.

Appellant herein did not become a parent of said minor until that relationship was declared or adjudicated pursuant to Chapter 3111 of the Revised Code. We are convinced that appellant had no legal duty to support until such duty was established in the paternity action. It follows then that R.C. 3107.07(A) is not applicable and could not provide a basis for the trial court's determination that appellant's consent was not required for the adoption to proceed.

From the record before this court, the trial court reasonably could have found that appellant failed to support or communicate with the minor child from her birth to the time of the hearing on the issue. However, we believe the court's finding that such failure was not justifiable was erroneous.

The Summit County Court of Appeals addressed a nearly identical factual scenario in *In re Adoption of Toth* (1986), 33 Ohio App. 3d 265, in which Judge Baird opined as follows:

"Under R.C. Chapter 3107, Russell is Carrie's putative father until he has been adjudicated to be her father (parent) in a paternity action under R.C. Chapter 3111. In *re Adoption of Braden* (Dec. 27, 1985), Lucas App. No. L-85-191, unreported.

"Until Russell has been established as Carrie's father, it is impossible for him to have failed to support Carrie 'as required by law or judicial decree.' He is not a husband required to support his family pursuant to R.C. 3103.03. He has not been ordered to support Carrie under a paternity judgment pursuant to R.C. 3111.13. *In re Adoption of Braden, supra; In re Adoption of Wilcox, supra;* see *In re Adoption of Foster* (Aug. 21,1985), Van Wert App. No. 15-84-3, unreported.

"The admission by all parties that Russell is Carrie's father has no bearing on his status. Russell could not have forced Sheryl to let him visit Carrie. Similarly, Sheryl could not have forced Russell to pay support until he was determined to be Carrie's father. Accordingly, R.C. 3107.07(A), which relates to parents, has no application to an acknowledged natural father until paternity has been adjudicated. *In re Adoption of Braden, supra; In re Adoption of Schwartz, supra.*" *Id.* at 267.

We find the rationale of *Toth, supra,* to be persuasive and adopt same.

Appellee relies upon *In re Adoption of Foster* (1985), 22 Ohio App. 3d 129, for the proposition that

"Where the natural father of a child about whom adoption proceedings have been initiated by a third party, subsequently establishes his paternity pursuant to a proceeding brought under R.C. Chapter 3111, the father's duty to support the child is retroactive to the date of birth and his failure to provide such support for the year prior to the filing of the adoption petition renders his consent to the adoption unnecessary under R.C. 3107.06(B)." *Id.,* at paragraph two of the syllabus.

The *Foster* court at 133 stated:

"As noted, it appearing from the intent of the legislature, as evident from the provisions of R.C. Chapter 3111, that the proceeding therein establishes a natural father and child relationship retroactive to birth by the issuance of a new birth certificate and the arising and enforcement of other correlative obligations consistent with retroactivity, it then appears that though Crickmore may not theretofore have been subject to a duty of support imposed by judicial decree, his duty required by law to support the child from the date of birth was confirmed and ratified by the paternity decree and if he failed to provide such support for the year prior to the filing of the adoption petition his consent to the adoption could properly be dispensed with pursuant to R.C. 3107.07."

We disagree with the forgoing rationale. First, we find no legislative intent is manifested to require or authorize retroactive support payments. Moreover, such an interpretation of the statute would have constitutional implications. Finally, the statute could have, but does not, authorize retroactive support under these circumstances.

Accordingly, we hold that appellant's consent is required in the adoption proceedings below. Until his legal obligation to support was established by law, appellant could not have failed to support said minor child as contemplated by R.C. 3107.07(A).

The judgment of the trial court is reversed and remanded for further proceedings for determination of the trial court as to the application of R.C. 3107.07(B) to the issue of requirement of appellant's consent to the adoption.

HENDRICKSON, J., concurs.

JONES, P.J., dissents.

JONES, P.J., dissenting.

I respectfully dissent, and would affirm the order of the trial court. I find the rationale of *In Re Adoption of Foster* (1985), 22 Ohio App. 3d 129, to be persuasive, as quoted at page five herein. The court in *Foster,* of course, found that the consent of the putative and subsequently adjudicative father's consent to the adoption was required principally because such father had tendered support for the child which the mother refused.

It is patently absurd to hold that a male is not a father for support purposes but qualifies

as a father under adoption laws. In the case at bar, appellant acknowledged being the father of the child from the moment the child was born, but nevertheless failed and refused to contribute to the child's support. The quotidian of children born to unwed parents causes a societal problem in providing sustenance and care for the child at the expense of the public. Since appellant neither supported the child nor offered support, his consent to the child's adoption should not be required.

---

[1] See *In re Adoption of Jorgensen* (1986), 33 Ohio App. 3d 207.

[2] The trial court stayed further proceedings pending the appeal.

[3] Appellant never denied being the father of the minor child. He acknowledged the child as his at birth, and by signing the birth certificate, created a presumption of that fact. He was at most or at least the "putative father" of the minor child and as such his consent to the adoption was required. R.C. 3107.06(F)(3).