OPINION
Wanda Fenimore, the natural mother of Jeffrey William Fenimore, is appealing from the decision of the Probate Court of Montgomery County, Ohio, dismissing her petition to vacate the adoption of Jeffrey by Wendy Fenimore, the wife of William Anthony Fenimore, the natural father of Jeffrey.
Wanda (for the sake of clarity the parties will be referred to by their first names) and William were formerly married. After their divorce, William married Wendy, who filed her petition to adopt Jeffrey on June 26, 1996. Wanda objected and following a consent hearing held on November 7, 1996, the Probate Court determined that the consent of the natural mother was not necessary and filed its decision on August 6, 1997. The court then set the best interest issue for hearing on October 17, 1997, but there is no evidence in the record that Wanda was ever notified of this second and final hearing. Wanda did not learn that the adoption had actually taken place until sometime later, and she subsequently filed her petition to vacate the adoption on June 29, 1999, acting pro se. Her appeal is also pro se, and she simply assigns as error that the Probate Court "erred as a matter of law when it dismissed plaintiff's Petition to Vacate Adoption."
Wanda's argument on appeal is that the trial court had no authority to render the final decree of adoption without first holding a hearing and duly notifying Wanda of the date and time of the hearing. She is correct. It is settled law that an adoption proceeding is a two-step process involving a "consent" phase and a "best interest" phase and even if a court determines that a parent's consent is not required, it must still make a separate determination that the adoption is in the child's best interest.In re Adoption of Jordan (1991), 72 Ohio App.3d 638, 645, citingIn re Adoption of Jorgensen (1986), 33 Ohio App.3d 207, 209. The adoption statute, R.C. 3107.11(A) (3) requires the court to give notice of the time and place for a best interest hearing to a person whose consent is dispensed with, but who has not consented.Id. As the Court of Appeals for Hancock County said in Jorgensen: "It is not difficult to imagine a scenario where a natural parent, even though he or she could not bar the adoption by withholding consent, could offer evidence of probative value that the adoption proposed would not be in his or her child's best interest." Id.,
at 209-210.
Not only is the record devoid of any proof of notice to Wanda of the second hearing, there is no evidence that this actual hearing was actually held. The final order of adoption was filed on the date supposedly set for the second hearing, October 17, 1997, and it is a printed form which states "that notice thereof has been given to all the parties in interest." The appellee would have us presume regularity in the proceedings in the court based upon that statement. However, the order of adoption, while filed in October, 1997, was actually prepared and dated September 20, 1996. At that time, notice had been duly given to the parties in interest of the consent hearing. Thus, we disregard that printed statement.
The appellee argues that R.C. 3107.16(B) bars any challenge to an adoption filed later than one year after the adoption, which is the case here. But that statute, which bars a later than one year challenge to an adoption on a variety of grounds, including "failure to give any required notice," has been held unconstitutional as applied to a biological parent when adequate notice has not been given. In re Adoption of Knipper (1986),30 Ohio App.3d 214. We agree. The failure of adequate notice of either of the two mandated adoption hearings is a violation of due process. "The fundamental requirement of due process is the opportunity to be heard `at a meaningful time and in a meaningful manner.'" Mathews v. Eldridge (1976), 424 U.S. 319, 333,96 S.Ct. 893, 902, 47 L.Ed.2d 18, 32, quoting Armstrong v. Manzo (1965),380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62, 66.
Wanda is entitled to be duly notified of the second "best interest" adoption hearing. Without such notice, the adoption is void.
The assignment of error is sustained.
The judgment of adoption is reversed, and the case is remanded to the Probate Court for further proceedings consistent with this court's opinion.
BROGAN, J. and WOLFF, J., concur.
Copies mailed to:
Wanda Lynn Little Fenimore
Richard Hempfling
HON. GEORGE J. GOUNARIS