This is a consolidated appeal from judgments of the Erie County Court of Common Pleas, Probate Division, which granted Lucien R.'s petition for adoption of Jessica R. and Joshua R., and thereby terminated the parental rights of the children's natural father, appellant Terrance W.
Jessica R. (born May 30, 1992) and Joshua R. (born December 9, 1989) were born to Darlene R. and appellant during the course of their marriage. Darlene R. and appellant were subsequently divorced on January 4, 1996. On July 19, 1996, Darlene R. married Lucien R. and Lucien R. became the children's stepfather. On May 29, 1998, Lucien R. filed petitions for the adoption of Jessica and Joshua. Darlene R. filed a consent to the adoptions. In amended petitions filed thereafter, Lucien alleged that appellant's consent to the adoptions was not required because appellant was a parent who had failed without justifiable cause to communicate with the children for a period of at least one year prior to the filing of the adoption petitions and because appellant was a parent who had failed without justifiable cause to provide for the maintenance and support of the children for a period of at least one year immediately preceding the filing of the adoption petitions.
On October 7, 1998, the cases proceeded to a hearing on the issue of whether or not appellant's consent was required for the adoptions to proceed. Appellant appeared at that hearing and was represented by counsel. On November 19, 1998, the lower court filed its judgment entry on the consent issue. Specifically, the court held that appellant had failed without justifiable cause to provide for the maintenance and support of the children for a period of at least one year immediately preceding the filing of the adoption petitions. The court further determined that appellant gave no credible testimony to justify his failure to support his children. Accordingly, the court held that appellant's consent was not required for Lucien R. to adopt the children. Subsequently, the case proceeded to the final hearing on whether it was in the best interest of the children to be adopted by Lucien R., and on February 23, 1999, the court filed final adoption decrees granting Lucien R.'s petitions to adopt Jessica and Joshua.
From those final adoption decrees, appellant filed timely notices of appeal, and on March 31, 1999 we issued a decision and judgment entry consolidating those appeals. Appellant now raises the following sole assignment of error before this court:
 "THE TRIAL COURT ERRED BY FINDING THAT THE NATURAL FATHER'S CONSENT TO AN ADOPTION OF THE MINOR CHILDREN WAS NOT NECESSARY WHERE CHILD SUPPORT HAD BEEN WITHHELD WITHIN ONE YEAR OF THE FILING OF A PETITION FOR ADOPTION."
A stepparent's petition to adopt a minor child will only be granted when that child's natural parents have executed written consents to that adoption. R.C. 3107.06. If a natural parent refuses to grant that consent, the court must determine if such consent is unnecessary. R.C. 3107.07; In re Adoption of Jorgensen
(1986), 33 Ohio App.3d 207. Pursuant to R.C. 3107.07(A), consent will be deemed unnecessary where the court finds that a parent has "* * * failed without justifiable cause to * * * provide for the maintenance and support of the minor * * * for a period of at least one year immediately preceding * * * the filing of the adoption petition[.]" The Supreme Court of Ohio has held that "A trial court's finding pursuant to R.C. 3107.07 that the consent to an adoption of a party described in R.C. 3107.06 is not required is a final appealable order." In re Adoption of Greer (1994), 70 Ohio St.3d 293, paragraph one of the syllabus. In Greer, at footnote 1, the court clarified that "* * * to be timely, an appeal of an R.C. 3107.07 decision adverse to one claiming a right to withhold consent must be appealed within thirty days of the entry of the order finding consent unnecessary." See, also, In the Matter of the Adoption of Samantha H.
(Sept. 29, 1995), Huron App. No. H-94-054, unreported.
In the present case, the probate court entered its judgment on the consent issue on November 19, 1998. Appellant, however, did not file a timely notice of appeal from that judgment. Accordingly, the court's judgment finding that appellant's consent to the adoption was not required has become a final order and is no longer subject to review. As such, this court lacks the jurisdiction to entertain the question raised in appellant's sole assignment of error.
On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgments of the Erie County Court of Common Pleas, Probate Division, are affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 MELVIN L. RESNICK, J.
JUDGE
 JAMES R. SHERCK, J.
JUDGE
 MARK L. PIETRYKOWSKI, J.
JUDGE CONCUR.