DECISION AND JUDGMENT ENTRY
Appellant William Campanaro appeals the judgment of the Highland County Court of Common Pleas, Probate Division, which granted Appellee Shaun Knauff's petition to adopt appellant's son, Joshua Caleb Burden. Prior to granting appellee's adoption petition, the probate court found and ruled that, pursuant to R.C. 3107.07(A), appellant's consent to the adoption of his son was not necessary. Appellant argues that the trial court did not consider all the relevant facts and circumstances when it determined that appellant's consent to the adoption was not required, and that the finding and determination on this issue was erroneous.
We find that the argument raised in appellant's appeal is not properly before this Court and, thus, affirm the judgment of the probate court granting the adoption petition.
 I. Joshua and His Parents
On October 11, 1996, Joshua was born to his mother, Brandy Burden, and father, Appellant William Campanaro. Joshua's parents were never married.
Shortly after his son's birth, the Highland County Court of Common Pleas sentenced appellant on burglary charges and sent him to prison. Appellant alleged that while he was in prison, he wrote letters and mailed them to his son. Appellant was released from prison in May 2000 and was sent to two halfway houses, the first located in Cincinnati and the second located in Dayton. Appellant was released from the Dayton halfway house in December 2000.
During the time appellant was in prison, Burden began an ongoing relationship with Appellee Shaun Knauff. Appellee and Burden resided together, with Joshua, in the home of Burden's mother. Eventually, the couple and Joshua moved into their own home. The couple and Joshua subsequently moved into another residence before the commencement of this adoption action. Appellee and Burden were married on June 14, 2000.
 II. The Adoption Proceedings
Appellee Shaun Knauff, the husband of Joshua's mother, filed a petition for the adoption of Joshua in September 2000. Appellee alleged that for at least one year prior to the filing of the petition, Appellant William Campanaro, Joshua's father, had failed to communicate with his son without justifiable cause.
On March 8, 2001, the probate court held a hearing and took testimony on the issue of the necessity of appellant's consent to the adoption. At the hearing, appellant essentially testified that upon his release from prison, he had no way of knowing where his son and Burden lived, until he received notice of the adoption petition. Appellee and Burden testified that each time they moved, they filed a change of address form with the local post office, and that they never lived outside Highland County. Burden also testified that she had seen appellant's mother on a couple of occasions while grocery shopping.
On March 13, 2001, the probate court entered its judgment, finding that appellant had had no communication with his son for the year prior to the filing of the petition for adoption, and that this failure to communicate was without justification. As such, pursuant to R.C. 3107.07(A) the probate court found that appellant's consent to the adoption was not necessary. The probate court's ruling on the consent issue ordered that a "best interest hearing" be scheduled, but stated that the judgment finding appellant's consent unnecessary was a final appealable order.
On May 9, 2001, a "best interest hearing" was conducted by the probate court. On May 10, 2001, the probate court entered a judgment granting appellee's petition to adopt Joshua. This entry also stated that it was a final appealable order.
 III. The Appeal
On May 22, 2001, appellant appealed the May 10, 2001 judgment entry granting the adoption petition. In his appeal, appellant presents the following as his sole assignment of error:
 THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO CONSIDER ALL THE FACTS AND CIRCUMSTANCES PRESENTED WHEN IT MADE A DETERMINATION THAT PETITIONER HAD PROVEN, BY CLEAR AND CONVINCING EVIDENCE, THAT THE FATHER FAILED TO COMMUNICATE WITH THE CHILD WITHOUT JUSTIFIABLE CAUSE.
Prior to addressing the merits of appellant's assignment of error, we must address a threshold question raised by the nature of these proceedings. That is whether or not appellant's arguments presented in this matter are properly before this Court.
In In re Adoption of Greer (1994), 70 Ohio St.3d 293, 638 N.E.2d 999, the Supreme Court of Ohio held that, "A trial court's finding pursuant to R.C. 3107.07 that the consent to an adoption of a party described in R.C. 3107.06 is not required is a final appealable order." Id. at paragraph one of the syllabus.
The Supreme Court of Ohio clearly realized that its holding in Greer
would have a substantial impact on the timing of when a party should seek appellate review of a trial court's finding that consent is not necessary under R.C. 3107.07. The Supreme Court of Ohio presented the following reminder:
 It should, therefore, be well-noted by practitioners before the probate bar that, to be timely, an appeal of an R.C. 3107.07 decision adverse to one claiming a right to withhold consent must be appealed within thirty days of the entry of the order finding consent unnecessary. Cf. In re Adoption of Jorgensen (1986), 33 Ohio App.3d 207, 208-209, 515 N.E.2d 622, 624
("[W]e conclude that the July 6, 1984 order was a final appealable order and, no appeal having been taken within thirty days therefrom, all the matters which could have been reviewed had an appeal been taken have now become res judicata and are not reviewable in a subsequent appeal taken from the final adoption order.").
In re Adoption of Greer (1994), 70 Ohio St.3d 293, 638 N.E.2d 999, fn. 1, quoting In re Adoption of Jorgensen (1986), 33 Ohio App.3d 207,208-209, 515 N.E.2d 622, 624.
In the case sub judice, on March 13, 2001, the probate court found that for at least one year immediately prior to appellee's filing of his petition to adopt Joshua, appellant failed to communicate with his son. The probate court found that appellant's failure to communicate with his son during this time was unjustified. The probate court's judgment entry setting forth this finding was clearly labeled a final appealable order. While such a label by the probate court is not necessarily binding upon this Court, this label was legally accurate and in accordance withGreer. Therefore, in order to be considered timely filed, an appeal challenging this holding of the probate court needed to be filed within thirty days of the probate court's entry finding appellant's consent to the adoption unnecessary, pursuant to R.C. 3107.07.
Appellant failed to file a notice of appeal from the probate court's March 13, 2001 judgment entry, which addressed the issue of consent, within thirty days of its issuance and filing with the clerk of courts. Instead, appellant filed a notice of appeal on May 22, 2001. His notice of appeal states that appellant appeals from the probate court's May 10, 2001 judgment entry that found that appellee's adoption of Joshua would be in the child's best interest and granted the adoption petition. However, appellant's sole assignment of error presented in this appeal challenges the prior ruling of the probate court that appellant's consent was not necessary.
Accordingly, we conclude that the March 13, 2001 order was a final appealable order and no appeal was taken within thirty days of its filing. As such, all the issues that could have been reviewed by this Court, had an appeal been taken of the March 13 order, have now becomeres judicata and are not reviewable in this appeal from the final adoption order. See In re Adoption of Jorgensen and In re Adoption ofGreer, supra.
Assuming arguendo that we were to find that the issue of appellant's consent was properly before this Court, we would, nevertheless, affirm the judgment of the trial court.
"Our standard of review in adoption cases is extremely deferential, and we may not substitute our judgment for that of the trial court." See Inre Conroy (June 9, 1999), Lawrence App. No. 98CA42, unreported. The probate court's judgment that appellant had not communicated with Joshua for at least one full year prior to the filing of the adoption petition will not be disturbed unless that judgment is against the manifest weight of the evidence. See In re Adoption of Bovett (1987), 33 Ohio St.3d 102,515 N.E.2d 919, paragraph four of the syllabus.
R.C. 3107.07(A) provides that the consent of the natural parent is unnecessary if the petitioner proves by clear and convincing evidence that (1) the natural parent has failed either to support or communicate with the child for the one-year period immediately preceding the filing of the petition or placement in the petitioner's home, and (2) the failure was without justifiable cause. Bovett, supra, at paragraph one of the syllabus; In re Adoption of Holcomb (1985), 18 Ohio St.3d 361,481 N.E.2d 613, paragraph four of the syllabus. In order for a parent's consent to be rendered unnecessary, the evidence must establish a complete absence of communication or support for the statutory period.Holcomb at paragraph two of the syllabus; In re Adoption of Lay (1986),25 Ohio St.3d 41, 495 N.E.2d 9.
In the case sub judice, appellant testified that he had sent letters to his child at the beginning of his prison sentence. These communications occurred before the one-year period immediately prior to the filing of the adoption petition. Appellant also testified that he had sent about ten letters during the year prior to the filing of the adoption petition. Appellant further stated that he had no way of knowing where his son was living upon his release from the halfway house.
On the other hand, appellee and Joshua's mother testified that they never made any attempt to hide from appellant and that they filed change of address forms when they moved. Appellee and Joshua's mother also testified that neither they nor Joshua ever had any communication with appellant since before his release from prison until after the adoption petition was filed. Joshua's mother also testified that she had "run into" appellant's mother on several occasions while grocery shopping. According to appellee and Joshua's mother, appellant only attempted to contact Joshua after the petition for adoption was filed.
Based on this testimony, the probate court found that appellee had proven, by clear and convincing evidence, that appellant had not communicated with his son for the year immediately prior to the filing of the adoption petition. Since this judgment was not against the manifest weight of the evidence (i.e. there is some competent and credible evidence to support the probate court's judgment), we would not disturb the findings of the probate court. See C.E. Morris Co. v. Foley Constr.Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578.
However, since appellant's sole argument concerns the settled issue of consent, an argument that is not properly before this Court, and alleges no other error regarding the probate court's order granting the adoption petition, we AFFIRM the trial court's judgment granting the adoption petition.
JUDGMENT AFFIRMED.