OPINION
Appellant Christopher Hess appeals the July 26, 2001 Judgment Entry of the Tuscarawas County Court of Common Pleas, Probate Division, which granted appellee Jeffrey Bolden's petition for adoption.
 STATEMENT OF THE CASE AND FACTS
On November 17, 1992, Alexandrea Lynn Bolden was born to appellee Tammy Bolden (fka Talbott) and appellant. At the time of Alexandrea's birth, appellant and Mrs. Bolden were not married. In 1994, appellant and Mrs. Bolden entered into a shared parenting agreement in which appellant was awarded visitation rights.
In March of 1996, appellant intentionally ceased having contact with Alexandrea. Apparently, the tension between appellant, Mrs. Bolden, and appellant's new wife was significant. In order to protect his marriage and new family, appellant informed the juvenile court he intended to cease visitation with Alexandrea. The parties did not terminate the shared parenting plan and appellant continued to pay child support. At the hearing on the adoption petition, appellant testified he firmly believed he would reestablish a relationship with his child at some point in time.
In September of 1995, Tammy met and began dating Jeff Bolden. Tammy and Alexandrea moved in with Jeff in 1997, and Tammy and Jeff were married in 1998. On February 13, 2001, Jeffrey Bolden filed a petition for a step-parent adoption of Alexandrea without the consent of appellant. On March 7, 2001, appellant filed a Notice of Intention to Contest the Adoption. On March 17, 2001, the trial court conducted a hearing to determine if appellant's consent was required in accordance with R.C.3107.07. In a May 17, 2001 Judgment Entry, the trial court determined appellant's consent was not required pursuant to R.C. 3107.07(A) as a result of his inexcusable and uninterrupted lack of communication or contact with Alexandrea for a period of approximately five years. Accordingly, the trial court found appellant's consent to the adoption was not required.
In a May 23, 2001 Judgment Entry, the trial court continued a full hearing on the petition for adoption until June 1, 2001, at which time the court would take evidence on the best interest of the child phase of the adoption proceeding. Appellant's attorney was notified of the hearing. In a June 6, 2001 Judgment Entry, the trial court appointed a guardian ad litem for Alexandrea and continued the hearing on the petition for adoption to July 26, 2001. Again, appellant's attorney was notified.
At the July 26, 2001 hearing, the trial court "eliminated" Mr. Hess as an actual party to the action. However, the trial court indicated it would call appellant as a witness in order to give appellant an opportunity to be heard in the matter. Because appellee's attorney made request for the separation of witnesses, the trial court excluded appellant from the courtroom during the proceedings. The trial court did permit appellant's attorney to remain. The trial court conducted an open ended examination of appellant, specifically eliciting testimony on what appellant thought was in his child's best interest with regard to the adoption.
On July 26, 2001, after hearing all the evidence, the trial court filed its final decree of adoption, changing the minor's name to Alexandrea Lynn Bolden. At the request of appellant, the trial court filed findings of fact and conclusions of law on September 25, 2001. Appellant appeals the July 26, 2001 Final Decree of Adoption, assigning the following as error:
 THE TRIAL COURT ERRED BY FINDING THAT GRANTING THE ADOPTION WAS IN THE CHILD'S BEST INTEREST.
 AFTER FINDING THAT APPELLANT'S CONSENT TO THE ADOPTION WAS NOT REQUIRED, THE TRIAL COURT ERRED BY FINDING THAT APPELLANT WAS NO LONGER A PARTY AND THEN EXCLUDING APPELLANT AND HIS ATTORNEY FROM FURTHER PARTICIPATION IN THE ADOPTION PROCEEDINGS.
This case comes to us on the accelerated calender. App. R. 11.1, which governs accelerated calender cases, provides, in pertinent part:
(E) Determination and judgment on appeal.
 The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
 The decision may be by judgment entry in which case it will not be published in any form.
This appeal shall be considered in accordance with the aforementioned rule.
 I
In appellant's first assignment of error, he maintains the trial court erred in finding the adoption was in Alexandrea's best interest. We disagree.
"Pursuant to R.C. 3107.14, adoption matters must be decided on a case-by-case basis through the able exercise of discretion by the trial court giving due consideration to all known factors in determining what is in the best interest of the person to be adopted."[1] In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.[2] We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
We have reviewed the record and find ample evidence to demonstrate appellees have provided Alexandrea with an excellent, loving home. Mr. Bolden testified he loved Alexandrea and enjoyed spending time with her. He testified he immediately agreed to adopt her when Alexandrea asked.[3]
The trial court also received the report of the guardian ad litem, whose official recommendation was that it was in the child's best interest to grant the petition for adoption. In light of this evidence, we see no abuse of discretion in the trial court's finding adoption was in Alexandrea's best interest.
Appellant's first assignment of error is overruled.
 II
In appellant's second assignment of error he maintains the trial court erred in finding he was no longer a party to the action after its initial finding his consent to the adoption was not required. Appellant maintains his exclusion from the best interest proceedings constitutes reversible error. We disagree.
R.C. 3107.11 governs requirements for hearing and notice in adoption proceedings. The statute states, in relevant part:
 (A) After the filing of a petition to adopt an adult or a minor, the court shall fix a time and place for hearing the petition. The hearing may take place at any time more than thirty days after the date on which the minor is placed in the home of the petitioner. At least twenty days before the date of hearing, notice of the filing of the petition and of the time and place of hearing shall be given by the court to all of the following:
* * *
 (2) A person whose consent is not required as provided by division (A) * * * of section 3107.07 of the Revised Code and has not consented;[4]
Even if a probate court makes a determination that a parent's consent to adoption is not required, the court must still go on to make a determination that adoption is in best interest of child, and the court must still give notice of the best interest hearing to a parent whose consent to adoption has been found unnecessary.[5] A trial court's finding the consent of a natural parent is not required for an adoption under RC 3107.07(A) does not constitute consent to the adoption but merely "provides for cutting off the statutory right of a parent to withhold his consent to the adoption of the child," leaving all other parental rights and obligations intact.[6]
Appellant cites Jorgensen, supra, for the proposition appellant had the right to participate as a party in all hearings related to the adoption.
Jorgensen is factually similar, but not identical, to the matter subjudice. Therein, the trial court found a natural father's consent to the adoption of his child was not required pursuant to R.C. 3107.07(A). The trial court notified the natural father of the best interest hearing, but the notification contained the following language:
 The Clerk of this Court shall send notice of said hearing in accordance with law to counsel for the Petitioner and counsel for the natural father. However, neither the natural father nor his counsel will be permitted to appear and participate in said final hearing.[7]
As a result of this notification, neither the natural father, nor the natural father's counsel appeared at the best interest hearing. Id. The Court of Appeals for Hancock County reversed the final decree of adoption holding:
 Pursuant to R.C. 3107.11, notice of the time and place of the best-interest hearing as well as the right to attend and be heard at such hearing must be given to a parent whose consent to the adoption was previously found not to be required in accordance with R.C. 3107.07(A).[8]
In making this determination, the Jorgensen Court reasoned:
 Thus, until the hearing on the merits of the petition and the best interest of the minor child has been determined the natural parent not only retains parental rights and responsibilities but retains an overriding interest in being heard relevantly on the issue of whether the proposed adoption would be in the best interest of the child. It is not difficult to imagine a scenario where a natural parent, even though he or she could not bar the adoption by withholding consent, could offer evidence of probative value that the adoption proposed would not be in his or her child's best interest. "Generally, nonconsenting parents are entitled to a hearing." (Footnote omitted.) 2 Corpus Juris Secundum (1972) 516, 517, Adoption of Persons, Section 88.
 Our conclusion is consistent with the requirement of R.C. 3107.11 that notice of the time and place of the best-interest hearing shall be given to a person whose consent is dispensed with upon any ground mentioned in division (A) of R.C. 3107.07, but who has not consented. Such requirement is meaningless in the absence of a right to attend and be heard.[9]
Unlike Jorgensen, appellant herein attended the best interest hearing and was heard "relevantly on the issue of whether the proposed adoption would be in the best interest of the child."[10] We agree with theJorgensen Court the natural parent in an adoption action has the right to attend and be heard at the best interest hearing.[11] However,Jorgensen does not hold, and we do not find, appellant had the right to participate as a party in the best interest phase of the adoption action after the trial court has made a determination the adoption may proceed without his consent.
Because appellant attended and testified at the best interest hearing, appellant's second assignment of error is overruled.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Tuscarawas County Court of Common Pleas, Probate Division, is affirmed. Costs assessed to appellant.
Hon. William B. Hoffman, P.J., Hon. Sheila G. Farmer, J., Hon. John F. Boggins, J., concur.
[1] In re Adoption of Charles B. (1990), 50 Ohio St.3d 88, par. 3 of syllabus.
[2] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
[3] Tr. at 141.
[4] Emphasis added.
[5] In re Adoption of Kuhlmann (1994) 99 Ohio App.3d 44.
[6] In re Adoption of Jorgensen (1986) 33 Ohio App.3d 207.
[7] Id. at 208.
[8] Id. at par. 3 of syllabus. (Emphasis added).
[9] Id. at 209-210. (Emphasis added).
[10] Id. at 209.
[11] R.C. 3107.11(A)(2).