OPINION
{¶ 1} Appellant Vanessa McLemore appeals from the November 24, 2004, Judgment Entry of the Licking County Common Pleas, Probate Division, denying her motion seeking to vacate a decree of adoption.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant Vanessa McLemore is the biological mother of Vanecisha (DOB 5/13/98). On May 27, 1999, Franklin County Children Services Board filed a motion for permanent custody of Vanecisha in the Franklin County Court of Common Pleas, Domestic Relations/Juvenile Branch. Pursuant to an order filed on April 13, 2000, a Magistrate recommended that permanent custody be granted to FCCS. After appellant filed an objection to such decision, the trial court, on August 10, 2000, adopted the Magistrate's decision and granted Franklin County Children Services permanent custody of Vanecisha while terminating appellant's parental rights.
 {¶ 3} Appellant then appealed to the Tenth District Court of Appeals. Pursuant to an Opinion filed on March 20, 2001, the Tenth District Court of Appeals reversed the decision of the trial court, finding that appellant had received ineffective assistance of counsel at the permanent custody hearing. The matter was remanded to the trial court for a new hearing.
 {¶ 4} Thereafter, on May 23, 2001, Franklin County Children Services filed a new motion for permanent custody of Vanecisha. The Magistrate, following hearings in March of 2002, recommended that permanent custody be granted to Franklin County Children Services. Once again, appellant filed an objection to the Magistrate's decision.
 {¶ 5} On October 22, 2002, appellees Danny and Cathy Lewis filed a petition for adoption of Vanecisha, who was their foster child, with the Licking County Probate Court. On the same date, written consent to the adoption, signed by the Executive Director of Franklin County Children Services, was filed indicating that the agency had permanent custody of Vanecisha. An adoption hearing was scheduled for December 3, 2002.
 {¶ 6} On November 26, 2002, appellees filed a motion for a continuance of the adoption hearing stating, in relevant part, as follows:
 {¶ 7} "On November 25, 2002, the undersigned attorney was notified by Robin Wall of Franklin County Children Services Board that objections had been filed in the permanent custody case of the minor child Venecisha Nicole McLemore (In the Matter of: Venecisha Nicole McLemore, Franklin County Court of Common Pleas, Juvenile Division, Case No. 98JV068079). The objections were filed by the child's natural mother. According to Franklin County Children Services Board, the judge has not yet issued a decision on the objections.
 {¶ 8} "To avoid having a future problem with the adoption, the Petitioners respectfully request that the adoption hearing now scheduled for December 3, 2002, be continued to a future date to allow the permanent custody matter to be resolved." The hearing was continued to August 12, 2003.
 {¶ 9} Pursuant to an entry filed on June 19, 2003, in the permanent custody case, the Franklin County Court of Common Pleas, Domestic Relations/Juvenile Branch, the trial court overruled appellant's objection to the Magistrate's decision and granted permanent custody of Vanecisha to Franklin County Children Services.
 {¶ 10} Thereafter, on August 12, 2003, a final decree of adoption was filed in the case sub judice in the Licking County Probate Court.
 {¶ 11} The next day, Franklin County Children Services contacted the Licking County Probate Court and advised a social worker that the June 19, 2003, entry of the Franklin County Court of Common Pleas, Domestic Relations/Juvenile Branch granting permanent custody of Vanecisha to Franklin County Children Services had been appealed to the Tenth District Court of Appeals. On August 29, 2003, Franklin County Children Services filed a Motion for Relief from Judgment pursuant to Civ.R. 60(B)(1) and (5) in the Licking County Probate Court seeking relief from the adoption decree. Franklin County Children Services, in its motion, stated, in relevant part, as follows:
 {¶ 12} "This court approved a petition for adoption of the above child on August 12, 2003. The petition had originally been scheduled for final hearing in December 2002. However, the Franklin County Juvenile Court had not yet issued a decision and entry on Objections to the Magistrate's Decision. Judge Dana Preisse issued her decision on June 19, 2003. The Children Services caseworker, Robin Walls, received a copy of that decision, and believed this child was legally free for adoption.
 {¶ 13} "At the final hearing on August 12, 2003, Ms. Walls was still under the belief that this child was legally free for adoption. Due to circumstances beyond her control, Ms. Walls was not informed that appeals had been timely filed in Tenth District Court of Appeals.
 {¶ 14} "Upon learning that the appeal had been filed, Ms. Walls immediately notified the adoptive family and called the Licking County Probate Court . . .
 {¶ 15} "Franklin County Children Services submits that the entry approving the petition of adoption was based on mistake, inadvertence or excusable neglect. This is true in that Ms. Walls had no actual knowledge of the pending appeal until after the final hearing. Clearly, Civ. R. 60[B][1] may permit relief under this circumstance. Additionally, Civ. R. 60[B][5] provides that relief may be warranted for any reason justifying relief."
 {¶ 16} The trial court, as memorialized in a Judgment Entry filed on September 18, 2003, indicated that it declined to consider such motion since the child's guardian ad litem had not been served with a copy of the same. Subsequently, on October 9, 2003, Franklin County Children Services filed an Addendum to its Motion for Relief from Judgment. Pursuant to a Judgment Entry filed on October 29, 2003, the motion was denied.
 {¶ 17} Thereafter, on August 10, 2004, appellant filed a motion requesting that the decree of adoption be vacated pursuant to Civ.R. 60(B). Appellant, in her motion, noted that, as memorialized in an Opinion filed on February 12, 2004, the Tenth District Court of Appeals had overturned the decision granting permanent custody of Vanecisha to Franklin County Children Services and terminating her parental rights and had ordered a new trial.[1] Appellant, in her motion, argued, in relevant part, as follows:
 {¶ 18} "Because of the holding of the Court of Appeals, the decree of adoption is void ab initio and should be vacated. The Probate Court did not have jurisdiction to grant the petition for adoption while the appeal was pending, as FCCS did not have final authority to consent to the adoption. The agency also misled the Probate Court as to the status of the case and the pendency of the appeal. Moreover, the adoption decree violated Vanessa McLemore's substantive and procedural due process rights as she was deprived of her child before she had an opportunity to exercise her right to challenge the termination order."
 {¶ 19} Pursuant to a Judgment Entry filed on October 26, 2004, the Licking County Probate Court denied appellant's motion. The trial court, in its entry, noted that when the adoption petition was filed, Vanecisha was in the permanent custody of Franklin County Children Services and that the agency had given its consent to the adoption and had never withdrawn the same prior to the entry of the final decree. The trial court further noted that although appellant had filed an appeal from the entry of the Franklin County Court of Common Pleas Domestic Relations/Juvenile Branch granting permanent custody of Vanecisha to Franklin County Children Services, she had never sought or obtained a stay of the permanent custody order.
 {¶ 20} It is from the trial court's October 26, 2004, Judgment Entry that appellant now appeals, raising the following assignment of error:
 {¶ 21} "I. The Licking County probate court erred in failing to vacate the decree of adoption that it issued while the underlying permanent custody order was on appeal to the Franklin County court of appeals.
 {¶ 22} "II. The licking county probate court violated appellant's substantive and procedural due process rights under thefourteenth amendment to the united states constitution and Article I, secton 16 of the ohio constitution by granting the adoption petition without a demonstration of parental unfitness.
 {¶ 23} "III. The licking county probate court violated the child's substantive and procedural due process rights under thefourteenth amendment to the united states constitution and Article I, section 16 of the ohio constitution by granting the adoption petition prior to the completion of the appellate process."
 {¶ 24} For purposes of judicial economy, we shall address appellant's assignments of error out of sequence.
 II {¶ 25} Appellant, in her second assignment of error, argues that the Licking County Probate Court violated her due process rights by granting the adoption petition. We agree.
 {¶ 26} The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that no State shall "deprive any person of life, liberty, or property, without due process of law." The United States Supreme Court has repeatedly recognized this fundamental liberty interest to include the interest of parents to make decisions concerning the care, custody, and control of their children. See, for example, Meyer v. Nebraska (1923), 262 U.S. 390, 399, 401, 43 S.Ct. 625, (holding that the "liberty" protected by the Due Process Clause includes the right of parents to "establish a home and bring up children" and "to control the education of their own.") and Pierce v. Society of Sisters
(1925), 268 U.S. 510, 534-535, 45 S.Ct. 571 (holding that the "liberty of parents and guardians" includes the right "to direct the upbringing and education of children under their control."). See also In re Murray
(1990), 52 Ohio St.3d 155, 157, 556 N.E.2d 1169, holding that a parent's right to raise a child is an essential and basic civil right. As noted by the court in In re Smith (1991), 77 Ohio App.3d 1, 16, 601 N.E.2d 45,55: "A termination of parental rights is the family law equivalent of the death penalty in a criminal case. The parties to such an action must be afforded every procedural and substantive protection the law allows."
 {¶ 27} In addition, "Ohio's adoption statutes ha[ve] the effect of abrogating the common-law rights of natural parents and, for that reason, must be strictly construed to protect the rights of natural parents." In re Adoptions of Groh, 153 Ohio App.3d 414, 427,2003-Ohio-3087, 794 N.E.2d 695, citing the holding in In re Adoption ofJorgensen (1986), 33 Ohio App.3d 207, 209, 515 N.E.2d 622.
 {¶ 28} In the case sub judice, we find that appellant's due process rights were violated by the Probate Court. As is stated above, pursuant to an entry filed on June 19, 2003, in the Franklin County Court of Common Pleas, Domestic Relations/Juvenile Branch, permanent custody of Vanecisha was granted to Franklin County Children Services and appellant's parental rights were terminated. Appellant then exercised her legal right to appeal such decision. However, despite the fact that appellant's appeal was pending at the time of the adoption decree, the trial court overruled both Franklin County Children Services' and appellant's motions to vacate the adoption decree, thereby, in essence, divesting appellant of her right to appeal the underlying permanent custody award. Subsequently, the Tenth District Court of Appeals, on February 12, 2004, reversed the decision of the trial court granting permanent custody of Vanecisha to Franklin County Children Services and remanded the matter to the trial court for a new hearing. Thus, as noted by appellant, "[t]he adoption decree issued in the present case violated [appellant's] substantive and procedural due process rights as she was deprived of her child before she had an opportunity to challenge the termination [of parental rights] order."[2]
 {¶ 29} Appellant's second assignment of error is, therefore, sustained.
 I, III {¶ 30} Based on our disposition of appellant's second assignment of error, the remaining assignments of error are moot.
 {¶ 31} Accordingly, the November 24, 2004, Judgment Entry of the Licking County Common Pleas, Probate Division, is reversed and this matter is remanded to the trial court.
Edwards, J., Gwin, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas, Probate Division, is reversed and this matter is remanded to that court. Costs assessed to Franklin County Children Services.
[1] The Tenth District Court of Appeals, in its decision, held that the admission of appellant's positive drug test results, which were based on hearsay testimony, was plain error and warranted a reversal. The Court remanded the matter for a new hearing on the motion for permanent custody.
[2] We are cognizant of the fact that Franklin County Children Services and counsel for the adoptive parents should not have allowed the adoption to proceed while an appeal of the permanent custody decision was pending. The Probate Court most likely assumed that there was no appeal pending regarding the permanent custody.
In addition, we acknowledge that since there was no stay of the Franklin County Common Pleas Court's order terminating parental rights, that order was valid and effective. But in the case sub judice, procedural correctness must be trumped by what is constitutionally required for due process in protecting parental rights.