[Cite as *In re J.L.*, 2021-Ohio-3978.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

IN THE MATTER OF:

J.L., C.L., S.L., AND E.L.,
DEPENDENT CHILDREN

CASE NOS. 2021-L-072
 2021-L-073
 2021-L-074
 2021-L-075

Civil Appeals from the
Court of Common Pleas,
Juvenile Division

Trial Court Nos. 2019 DP 00241
 2019 DP 00242
 2019 DP 00243
 2019 DP 00244

## **O P I N I O N**

Decided: November 8, 2021
Judgment: Affirmed

*Cory R. Hinton*, Hanahan & Hinton, LLC, 8570 Mentor Ave., Mentor, OH 44060 (For Appellant).

*Maria A. Rowan*, Assistant Prosecutor, 105 Main Street, P.O. Box 490, Painesville, OH 44077; *Stephanie G. Snevel*, Lake County Department of Job and Family Services, 177 Main Street, Painesville, OH 44077 (For Appellee).

*Maureen A. Sweeney*, 11805 Girdled Road, Painesville, OH 44077 (Guardian ad litem).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Rochelle L., appeals the May 29, 2021 judgment entries terminating her parental rights and granting permanent custody of her four children to appellee, the Lake County Department of Job and Family Services ("Department"). Appellant's children were born May 2011 (E.L.); June 2012 (S.L.); April 2016 (C.L.); and

February 2018 (J.L.). The parental rights of their father, appellant's husband, were likewise terminated. We affirm.

{¶2} The Department filed a complaint on March 5, 2019, alleging the children were dependent and requested emergency temporary custody of the children based on allegations of, inter alia, substance abuse and physical violence in the home. The trial court appointed a guardian ad litem to represent the children's best interests.

{¶3} The children were removed from the home and adjudicated dependent, as defined in R.C. 2151.04(C): "Whose condition or environment is such as to warrant the state, in the interests of the child, in assuming the child's guardianship." Thereafter, and prior to the dispositional hearing, appellant suffered a stroke, which impacted her cognitive abilities and capability to care for herself and others.

{¶4} Since their removal, the children have been continuously in the temporary custody of the Department. The older two, E.L. and S.L., were placed together with a maternal aunt and her husband; C.L. and J.L. were placed together with nonrelative foster parents.

{¶5} In March 2021, after multiple extensions of temporary custody, the Department moved for permanent custody of the children. A two-day trial was held in May 2021, during which testimony was presented by the following Department witnesses: an expert in the field of toxicology, specialized in drug testing, who testified that mother's drug screens in November 2020 and April 2021 were positive for illicit methamphetamine and the amphetamine metabolite; an expert, clinician, and consultant in the field of infant and early childhood mental health, who conducted an evaluation of the children and a parenting assessment of the family in March 2020; an educator from Ohio State University

2

Extension, who provided virtual parenting classes and individual parenting instruction in the fall of 2020; the maternal aunt and foster parent of E.L. and S.L.; the foster mother of C.L. and J.L.; and the family's ongoing social worker, responsible for writing the case plan and ensuring the parents' compliance. Both parents were present with individual counsel. The father testified; appellant did not. The children's guardian ad litem submitted her report and recommendation, which is in support of the Department's permanent custody motion as to all four children.

{¶6} Following trial, the court terminated the parental rights of both parents and granted permanent custody of all four children to the Department. Appellant advances two assignments of error from the written decisions:

> [1.] The trial court erred by failing to consider whether the minor children [ ] should have been appointed counsel to advocate for their wishes regarding permanent custody.

> [2.] The trial court erred by failing to provide Mother with Counsel the first time she applied for same.

{¶7} The right to counsel in these proceedings is governed by R.C. 2151.352, which provides, in relevant part:

> A child, the child's parents or custodian, or any other person in loco parentis of the child is entitled to representation by legal counsel *at all stages of the proceedings under this chapter* [Chapter 2151] or Chapter 2152. of the Revised Code. If, as an indigent person, a party is unable to employ counsel, the party is entitled to have counsel provided for the person pursuant to Chapter 120. of the Revised Code except in civil matters in which the juvenile court is exercising jurisdiction pursuant to division (A)(2), (3), (9), (10), (11), (12), or (13); (B)(2), (3), (4), (5), or (6); (C); (D); or (F)(1) or (2) of section 2151.23 of the Revised Code. If a party appears without counsel, the court shall ascertain whether the party knows of the party's right to counsel and of the party's right to be provided with counsel if the party is an indigent person. The court may continue the case to enable a party to obtain counsel, to be represented by the county

3

public defender or the joint county public defender, or to be appointed counsel upon request pursuant to Chapter 120. of the Revised Code. Counsel must be provided for a child not represented by the child's parent, guardian, or custodian. If the interests of two or more such parties conflict, separate counsel shall be provided for each of them. [Emphasis added.]

{¶8} Procedurally, Juvenile Rule 4(A) provides:

Every party shall have the right to be represented by counsel and every child, parent, custodian, or other person in loco parentis the right to appointed counsel if indigent. These rights shall arise when a person becomes a party to a juvenile court proceeding. This rule shall not be construed to provide for a right to appointed counsel in cases in which that right is not otherwise provided for by constitution or statute.

"'Party' means a child who is the subject of a juvenile court proceeding, * * * the child's parent or parents, * * * in appropriate cases, the child's * * * guardian ad litem, the state, and any other person specifically designated by the court." Juv.R. 2(Y). "'Court proceeding' means all action taken by a court from the earlier of (1) the time a complaint is filed and (2) the time a person first appears before an officer of a juvenile court until the court relinquishes jurisdiction over such child." Juv.R. 2(G).

{¶9} Thus, in an R.C. 2151.04 dependency proceeding, a parent's absolute right to counsel is triggered when the complaint is filed or when the parent first appears before the juvenile court, whichever occurs first. R.C. 2151.352; Juv.R. 4(A); Juv.R. 2(G) & (Y). If indigent, the parent is entitled to appointment of counsel at all stages of the proceedings except for the civil matters listed. R.C. 2151.352; Juv.R. 4(A); Juv.R. 2(G) & (Y). A child's right to appointment of counsel, however, is conditional and dependent upon a conflict of interest with the child's representative. R.C. 2151.352; Juv.R. 4(A); Juv.R. 2(G) & (Y).

4

Case Nos. 2021-L-072, 2021-L-073, 2021-L-074, 2021-L-075

{¶10} Under her first assigned error, appellant contends the trial court erred by failing to consider whether three of her four minor children should have been appointed independent counsel to advocate for their wishes regarding permanent custody.

{¶11} "Pursuant to R.C. 2151.352, as clarified by Juv.R. 4(A) and Juv.R. 2(Y), a child who is the subject of a juvenile court proceeding to terminate parental rights is a party to that proceeding and, therefore, is entitled to independent counsel in certain circumstances." *In re Williams,* 101 Ohio St.3d 398, 2004-Ohio-1500, 805 N.E.2d 1110, syllabus. "Whether the child who is the subject of a permanent custody proceeding actually needs independent counsel is a decision which should be made on a case-by-case basis, ' * * * taking into account the maturity of the child and the possibility of the child's guardian ad litem being appointed to represent the child.'" *In re Kangas*, 11th Dist. Ashtabula No. 2006-A-0010, 2006-Ohio-3433, ¶ 41, quoting *Williams* at ¶ 17. "If a person is serving as Guardian ad litem for a child or ward, and the court finds a conflict exists between the role of the Guardian ad litem and the interest or wishes of the child [or] the ward, the court shall appoint counsel for the child or ward." Juv.R. 4(C); *In re Qu.W.*, 11th Dist. Ashtabula No. 2015-A-0016, 2015-Ohio-2202, ¶ 61. *See also Williams* at ¶ 18, citing *In re Baby Girl Baxter*, 17 Ohio St.3d 229, 232, 479 N.E.2d 257 (1985) (the duty of a guardian ad litem, to recommend to the court what is in the best interest of the child, and the duty of a lawyer, to provide zealous representation on behalf of a client's wishes, may be in fundamental conflict in a dual-representation situation).

{¶12} Appellant first takes issue with the trial court's factual finding that five-year-old C.L. was too young to understand and express her own wishes regarding permanent custody. "When a child lacks the maturity to express his or her wishes and nothing

5

otherwise indicates that the child's wishes conflict with the guardian ad litem, a juvenile court is not required to appoint counsel for the child." *In re Qu.W.* at ¶ 61, citing *In re L.W.,* 9th Dist. Summit Nos. 26861 & 26871, 2013-Ohio-5556, ¶ 20. The record does not support appellant's assertion that C.L., not yet of school age, had the maturity and understanding to express her wishes. Nor is there any indication that C.L.'s unexpressed wishes conflict with the guardian ad litem's recommendation to the court on her behalf. The testimony at trial and all reports indicate C.L. is happy, well-cared for, and thriving in her current placement and has a strong relationship with her foster parents and her brother, J.L.

{¶13} Appellant next takes issue with the trial court's failure to appoint independent counsel for ten-year old E.L. and eight-year-old S.L., claiming it is arguable that their wishes were to return home. Appellant cites only to the father's testimony that at each visit the children "constantly are saying, 'When are we coming home? When is this going to end?'" "'Generally, the appointment of independent counsel is warranted when a child has "*repeatedly* expressed a desire" to remain or be reunited with a parent but the child's guardian ad litem believes it is in the child's best interest that permanent custody of the child be granted to the state.'" *In re Qu.W.* at ¶ 61, quoting *In re Hilyard,* 4th Dist. Vinton Nos. 05CA600 *et seq.*, 2006-Ohio-1965, ¶ 36. Here, there is no evidence that the children repeatedly expressed a desire to be reunited with their parents or expressed anything that could be interpreted as inconsistent with the guardian ad litem's recommendation at the time of the permanent custody hearing. The guardian ad litem's report indicates that their expressed wish is to remain in their current placement with their aunt and uncle and that S.L. has expressed a fear to return home.

Case Nos. 2021-L-072, 2021-L-073, 2021-L-074, 2021-L-075

{¶14} Because there was no conflict between the wishes of E.L., S.L., or C.L. and the guardian ad litem's recommendation as to their best interests, the trial court was not obligated to appoint independent counsel. The first assigned error is without merit.

{¶15} Under her second assigned error, appellant contends the trial court erred by failing to provide her with counsel the first time she applied.

{¶16} On March 5, 2019, the Department filed its complaint for dependency and an ex parte motion for emergency temporary custody. Throughout the initial proceedings, the court consistently advised the parents of their right to appointed counsel if indigent and upon proper application—a right the parents expressly waived when they appeared.

{¶17} Thereafter, the Department filed a motion to establish a child support order and order for reimbursement from the parents, pursuant to R.C. 2151.23(B)(4). A pre-trial was held on the motion December 18, 2019, and set for trial on January 27, 2020.

{¶18} On the day of the pre-trial, December 18, the parents filed affidavits of indigency and requests for court-appointed counsel. Where the form asks the applicant to describe the issue that would require a court hearing, appellant and the father each wrote "custody." The requests were denied on or about December 24, 2019, with the explanation given as "[y]our issue does not qualify for the court appointed counsel." Thereafter, trial on the child support matter was continued to June 8, 2020.

{¶19} During this time, a motion to extend temporary custody of the children was also set for hearing on May 28, 2020. On this date, the parents orally requested to be represented by counsel, and the hearing was rescheduled to June 15, 2020, in order for the parents to exercise their right to counsel.

7

{¶20} On June 8, 2020, the child support trial was again continued. On that date, the parents again submitted affidavits of indigency and requests for court-appointed counsel, describing the issue that would require a court hearing as "child custody." This time, counsel was appointed. The permanent custody motion was filed nine months later, in March 2021.

{¶21} R.C. 2151.352 provides that a parent of a dependent child shall have the right to be represented by counsel at "all stages of the proceedings" and, if indigent, the right to appointed counsel. *See also* Juv.R. 4(A) and *In re C.W.*, 11th Dist. Ashtabula No. 2015-A-0062, 2016-Ohio-3235, ¶ 20 ("if an indigent parent makes a timely request for appointed counsel the juvenile court is obligated to appoint" (citation omitted)). However, as stated in R.C. 2151.352, a parent is *not* entitled to appointment of counsel "in civil matters in which the juvenile court is exercising jurisdiction" under certain divisions of R.C. 2151.23—including (B)(4), which governs the Department's motion for child support and reimbursement in this matter.

{¶22} To the extent appellant requested appointment of counsel for the purpose of challenging the Department's R.C. 2151.23(B)(4) motion for child support and reimbursement, the trial court's denial of the first application was proper.

{¶23} It was error, however, to deny appellant's first application for the stated reason, "custody," in the midst of a dependency proceeding under R.C. Chapter 2151. Nevertheless, appellant has not shown that the error prejudicially affected her ability to contest the custody proceedings. Two months after the denial of appellant's first application, on February 21, 2020, the Department filed a motion to extend temporary custody. The hearing on this motion was set for May 28, 2020, at which time appellant

orally requested appointment of counsel. As a result, the trial court continued the hearing. Counsel was immediately appointed upon appellant's filing of her second application and affidavit of indigency, which was nine months prior to the Department moving for permanent custody, and counsel represented appellant throughout the remainder of the proceedings. Appointed counsel never raised an issue with the trial court's denial of appellant's first application, did not request additional time, and did not move for a continuance of any hearing. Moreover, appellant does not contend that her appointed counsel was unable to provide her with effective assistance of counsel during the temporary or permanent custody hearings as a result of the initial denial.

{¶24} Accordingly, although it was error to deny appellant's first application, we conclude it is not reversible error. *See* R.C. 2309.59 ("In every stage of an action, the court shall disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party. No final judgment or decree shall be reversed or affected by reason of such error or defect."); *accord* Civ.R. 61 ("harmless error"). *See also, e.g., In re G.P.*, 2d Dist. Clark No. 2016-CA-88, 2017-Ohio-2883, ¶ 49-50; *In re Richardson*, 4th Dist. Scioto No. CA 1674, 1987 WL 15980, *9 (Aug. 19, 1987).

{¶25} The second assigned error is without merit.

{¶26} The judgments of the Lake County Court of Common Pleas, Juvenile Division, are affirmed.


MARY JANE TRAPP, P.J.,

JOHN J. EKLUND, J.,

concur.

9

Case Nos. 2021-L-072, 2021-L-073, 2021-L-074, 2021-L-075