[Cite as *In re Adoption of K.W.*, 2024-Ohio-1790.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF THE ADOPTION | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| OF K.W. | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| | : | |
| | : | Case No. 2024 AP 02 0005 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Tuscarawas County
Court of Common Pleas, Probate
Division, Case No. 2023 AD 03476

JUDGMENT:        Affirmed

DATE OF JUDGMENT:        May 8, 2024

APPEARANCES:

For Plaintiff-Appellant A.W.

LISA L. CALDWELL
203 Fair Avenue, NE
New Philadelphia, Ohio 44663

For Defendant-Appellees L.W.

HERBERT J. MORELLO
Morello Law Offices Ltd.
700 Courtyard Centre
116 Cleveland Avenue, NW
Canton, Ohio 44702

*Baldwin, J.*

**{¶1}** The appellant appeals from the decision of the Tuscarawas County Court of Common Pleas, Probate Division, finding that her consent to the adoption of minor child K.W. was not required because she failed to file an objection to the petition for adoption within fourteen days after she received notice of the petition.

## STATEMENT OF THE FACTS AND THE CASE

**{¶2}** Appellant and appellee L.W. are the biological parents of K.W., born February 15, 2017, and whose parenting issues were addressed through the Tuscarawas County Court of Common Pleas, Juvenile Division. Appellee L.W. discovered that the appellant's boyfriend and father of two of her other children, who was in the appellant's home when K.W. spent time there, had been charged with three counts of gross sexual imposition. Appellee L.W. took K.W. to counseling as a precaution, where it was discovered that the appellant's boyfriend had also sexually molested K.W. As a result, appellee L.W. filed a motion to suspend the appellant's parenting time or for supervised visitation. On March 1, 2023, during the pendency of appellee L.W.'s motion, he and the appellant entered into an Agreed Judgment Entry in which appellee L.W. was named "residential custodian," and which provided that "visitation only commence supervised at a point at which [K.W.'s] therapist believes it is appropriate and after any forensic interviews are completed at Lighthouse."

**{¶3}** Appellees L.W. and J.W., who were married on October 23, 2021, filed a Petition of Adoption of Minor on October 2, 2023 in which appellee J.W. sought the probate court's approval of a stepparent adoption of K.W. The Petition listed the appellant as K.W.'s biological mother, and indicated that her consent to the adoption was not

necessary because she had failed without justifiable cause to provide more than de minimis contact with K.W. for a period of at least one year immediately preceding the filing of the adoption petition, and had failed without justifiable cause to provide for the maintenance and support of K.W. as required by law or judicial decree for a period of at least one year immediately preceding the filing of the adoption petition.

**{¶4}** The probate court scheduled a hearing on the petition, and issued a Notice of Hearing on Petition for Adoption which was personally served upon the appellant by deputy sheriff on November 6, 2023. The Notice advised the appellant that a Petition for Adoption of K.W. had been filed, advised her of the date and time of the hearing on the Petition, and advised her that the appellees had alleged in the Petition that her consent to the adoption was not necessary due to her failure to provide either de minimis contact with K.W. or maintenance and support for K.W. for a period of at least one year prior to the filing of the petition. In addition, the Notice advised the appellant as follows:

**A FINAL DECREE OF ADOPTION, IF GRANTED, WILL RELIEVE YOU OF ALL PARENTAL RIGHTS AND RESPONSIBILITIES, INCLUDING THE RIGHT TO CONTACT THE MINOR, AND, EXCEPT WITH RESPECT TO A SPOUSE OF THE ADOPTION PETITIONER AND RELATIVES OF THAT SPOUSE, TERMINATE ALL LEGAL RELATIONSHIPS BETWEEN THE MINOR AND YOU AND THE MINOR'S OTHER RELATIVES, SO THAT THE MINOR THEREAFTER IS A STRANGER TO YOU AND THE MINOR'S FORMER RELATIVES FOR ALL PURPOSES. <u>IF YOU WISH TO CONTEST THE ADOPTION, YOU MUST FILE AN OBJECTION TO THE PETITION WITHIN FOURTEEN</u>**

**DAYS AFTER PROOF OF SERVICE OF NOTICE OF THE FILING OF THE PETITION AND THE TIME AND PLACE OF HEARING IS GIVEN TO YOU. IF YOU WISH TO CONTEXT THE ADOPTION, YOU MUST ALSO APPEAR AT THE HEARING. A FINAL DECREE OF ADOPTION MAY BE ENTERED IF YOU FAIL TO FILE AN OBJECTION OT HE ADOPTION PETITION OR APPEAR AT THE HEARING.**

(Boldface original, underlining added.)

{¶5} The probate court also issued a Notice of Right to Counsel, which was likewise served upon the appellant on November 6, 2023.

{¶6} On November 17, 2023, the appellant appeared at the Tuscarawas County Court of Common Pleas, Probate Division Clerk of Court's office, requested representation in the adoption matter, and filed a Financial Disclosure Form. The appellant did not file an objection to the Petition for Adoption.

{¶7} On November 29, 2023, the probate court issued a Judgment Entry in which it appointed the Public Defender's Office to represent the appellant in the adoption matter.

{¶8} On January 18, 2024, the appellees filed a Motion for Summary Judgment seeking an order from the probate court that the appellant's consent to the adoption was not required due to her failure to file an objection within fourteen days of service of the Notice of Hearing on the Petition for Adoption. On January 19, 2024, seventy-four days after the appellant had received personal service of the Notice, the appellant filed a Motion for Leave to File Objections.

{¶9} On January 25, 2024, the appellant filed a Motion in Opposition for Summary Judgment in which she argued that she was entitled to counsel at all stages of

the proceedings, that the filing of objections was "one such proceeding," and that so finding "would ensure that indigent parents facing termination of their parental rights in probate court would be afforded their federal and state constitution rights of due process and equal protection." The trial court issued a Judgment Entry on January 29, 2024 denying the appellant's Motion for Leave to File Objections.

{¶10} The hearing on the appellees' Petition for Adoption proceeded on February 5, 2024. The trial court addressed the consent issue at the onset of the hearing, summarized the summary judgment briefing and the arguments set forth therein, and determined that because the appellant failed to file an objection to the Petition for Adoption within the fourteen-day statutory timeframe, her consent to the adoption was not required. The court then proceeded on the issue of whether appellee J.W's stepparent adoption of K.W. was in her best interest.

{¶11} The trial court issued a Decision on February 5, 2024, following the hearing. The trial court found, inter alia, that the appellant was personally served with notice of the adoption petition on November 6, 2023; that the appellant's counsel filed a motion for leave to file objections on January 19 2024, which was denied; and, that the appellant did not consent to the adoption. The trial court thereafter made conclusions of law and, with regard to the consent issue, found by clear and convincing evidence that the appellant had failed to file an objection to the petition within fourteen days after proof was filed that she had received notice, and that as a result the appellant's consent was not required.

{¶12} The trial court thereafter found that adoption was in K.W.'s best interest, and granted the appellees' petition. The appellant filed a timely appeal in which she sets forth the following sole assignment of error:

{¶13} "I. OHIO REVISED CODE SECTION 3107.07(K) VIOLATES THE 5th AND 14th AMENDMENT [SIC] TO THE U.S. CONSTITUTION AND ARTICLE 1, SECTION 16 OF THE OHIO CONSTITUTION AS APPLIED TO APPELLANT'S CASE AND OTHERS SIMILARLY SITUATED, BY ARBITRARILY DENYING APPELLANT HER DUE PROCESS RIGHT OF WITHOLDING [SIC] CONSENT TO AN ADOPTION."

## STANDARD OF REVIEW

{¶14} Generally, a probate court's decision to grant or deny an adoption petition is reviewed under an abuse-of-discretion standard. *In Re Adoption of Ridenour,* 61 Ohio St.3d 319, 320, 574 N.E.2d 1055 (1991). An abuse of discretion is more than an error of law or judgment, it is a decision that is unreasonable, arbitrary, or unconscionable. *In re Adoption of A.L.S.*, 12th Dist. Butler No. CA2017-09-146, 106 N.E.3d 69, 2018-Ohio-507, ¶ 16. "[T]he vast majority of cases in which an abuse of discretion is asserted involve claims that the decision is unreasonable." *Effective Shareholder Solutions v. Natl. City Bank*, 1st Dist. Hamilton Nos. C-080451 and Hamilton Nos. C-090117, 2009-Ohio-6200, ¶ 9. A decision is unreasonable where it is not supported by a sound reasoning process. *Id.*

{¶15} In this case, however, the appellant challenges the constitutionality of R.C. 3107.07(K) as applied to the facts of her case. As set forth by the court in *In re Adoption of N.F.,* 3rd Dist. Logan No. 8-19-39, No. 8-19-40, 2019-Ohio-5380, 151 N.E.3d 119:

> We review de novo the determination of a statute's constitutionality.
> *State v. Hudson*, 3d Dist. Marion, 2013-Ohio-647, 986 N.E.2d 1128, ¶ 27,
> citing *Akron v. Callaway*, 162 Ohio App.3d 781, 2005-Ohio-4095, 835
> N.E.2d 736, ¶ 23 (9th Dist.) and *Andreyko v. Cincinnati*, 153 Ohio App.3d

108, 2003-Ohio-2759, 791 N.E.2d 1025, ¶ 11 (1st Dist.). "De novo review is independent, without deference to the lower court's decision." *Id.*, citing *Ohio Bell Tel. Co. v. Pub. Util. Comm. of Ohio*, 64 Ohio St.3d 145, 147, 593 N.E.2d 286 (1992).

" 'It is difficult to prove that a statute is unconstitutional.' " *State v. Stoffer*, 2d Dist. Montgomery No. 26268, 2015-Ohio-352, 2015 WL 409265, ¶ 8, quoting *Arbino v. Johnson & Johnson*, 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, ¶ 25. " 'All statutes have a strong presumption of constitutionality. * * * Before a court may declare unconstitutional an enactment of the legislative branch, "it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible." ' " *Id.*, quoting *Arbino* at ¶ 25, quoting *State ex rel. Dickman v. Defenbacher*, 164 Ohio St. 142, 128 N.E.2d 59 (1955), paragraph one of the syllabus.

*Id.* at ¶11-12.

**{¶16}** The *N.F.* court went on to state that "…'[t]o prevail on a constitutional challenge to the statute as applied, the challenger must present clear and convincing evidence of the statute's constitutional defect.' *Id.*, citing *Belden v. Union Cent. Life Ins. Co.*, 143 Ohio St. 329, 55 N.E.2d 629 (1944), paragraph six of the syllabus." *Id.* at ¶13. As such, we review whether the appellant has provided clear and convincing evidence of the alleged constitutional defect. Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases,

and "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

## ANALYSIS

{¶17} The appellees filed their Petition for Adoption of Minor on October 2, 2023. R.C. 3107.11 requires a hearing, and notice thereof, following the filing of a petition for adoption, and provides in pertinent part:

(A)     After the filing of a petition to adopt an adult or a minor, the court shall fix a time and place for hearing the petition. The hearing may take place at any time more than thirty days after the date on which the minor is placed in the home of the petitioner. At least twenty days before the date of hearing, notice of the filing of the petition and of the time and place of hearing shall be given by the court to all of the following:

(1)     Any juvenile court, agency, or person whose consent to the adoption is required by this chapter but who has not consented;

(2)     A person whose consent is not required as provided by division (A), (G), (H), or (I) of section 3107.07 of the Revised Code and has not consented;

(3)     Any guardian, custodian, or other party who has temporary custody or permanent custody of the child.

Notice shall not be given to a person whose consent is not required as provided by division (B), (C), (D), (E), (F), or (J) of section 3107.07, or section 3107.071, of the Revised Code. Second notice shall not be given to

a juvenile court, agency, or person whose consent is not required as provided by division (K) of section 3107.07 of the Revised Code because the court, agency, or person failed to file an objection to the petition within fourteen days after proof was filed pursuant to division (B) of this section that a first notice was given to the court, agency, or person pursuant to division (A)(1) of this section.

(B) Upon the filing of a petition for adoption that alleges that a parent has failed without justifiable cause to provide more than de minimis contact with the minor or to provide for the maintenance and support of the minor, the clerk of courts shall send a notice to that parent with the following language in boldface type and in all capital letters:

"A FINAL DECREE OF ADOPTION, IF GRANTED, WILL RELIEVE YOU OF ALL PARENTAL RIGHTS AND RESPONSIBILITIES, INCLUDING THE RIGHT TO CONTACT THE MINOR, AND, EXCEPT WITH RESPECT TO A SPOUSE OF THE ADOPTION PETITIONER AND RELATIVES OF THAT SPOUSE, TERMINATE ALL LEGAL RELATIONSHIPS BETWEEN THE MINOR AND YOU AND THE MINOR'S OTHER RELATIVES, SO THAT THE MINOR THEREAFTER IS A STRANGER TO YOU AND THE MINOR'S FORMER RELATIVES FOR ALL PURPOSES, WITH THE EXCEPTION OF DIVISION (A)(1)(b) OF SECTION 3107.15 OF THE REVISED CODE. IF YOU WISH TO CONTEST THE ADOPTION, YOU MUST FILE AN OBJECTION TO THE PETITION WITHIN FOURTEEN DAYS AFTER PROOF OF SERVICE OF NOTICE OF THE FILING OF THE

PETITION AND OF THE TIME AND PLACE OF HEARING IS GIVEN TO

YOU. IF YOU WISH TO CONTEST THE ADOPTION, YOU MUST ALSO

APPEAR AT THE HEARING. A FINAL DECREE OF ADOPTION MAY BE

ENTERED IF YOU FAIL TO FILE AN OBJECTION TO THE ADOPTION

PETITION OR APPEAR AT THE HEARING."

The appellant's right to withhold consent to appellee J.W.'s adoption of K.W. is, therefore, established by statute. However, the appellant's right to appointed counsel in adoption proceedings is not.

{¶18} Instead, the right to appointed counsel in adoption cases was established by the Ohio Supreme Court when it extended the right of indigent parents to appointed counsel in permanent custody cases to indigent parents in adoption proceedings. The Court, in the case of *In the Matter of the Adoption of Y.E.F.*, 163 Ohio St.3d 521, 2020-Ohio-6785, 171 N.E.3d 302, held:

> We conclude that under Ohio's dual statutory scheme for terminating parental rights, indigent parents facing termination of their parental rights by adoption in probate court are similarly situated to indigent parents facing termination of their parental rights in juvenile court. *See In re Adoption of A.W.S. and K.R.S.*, 377 Mont. 234, 238, 339 P.3d 414 (2014) (parents facing the loss of parental rights in either state-initiated abuse-and-neglect proceedings or in adoption proceedings initiated by private parties are similarly situated); *530 In re Adoption of K.A.S., D.S., and B.R.S.*, 499 N.W.2d 558, 566 (N.D.1993); *In the Interest of S.A.J.B.*, 679 N.W.2d 645,

650-651 (Iowa 2004) (citing *K.A.S.* with approval); *In re Adoption of Fanning*, 310 Or. 514, 522-523, 800 P.2d 773 (1990).

*Id.* at ¶29.

**{¶19}** Thus, in addition to the Notice of Hearing, the probate court also issued to the appellant a Notice of Right to Counsel advising her of her right to counsel in the adoption proceedings, and advising her further that if she was unable to afford counsel she "may complete the Application for Appointed Counsel and request that the probate court appoint counsel to represent her in the adoption proceedings."

**{¶20}** The appellant was served with Notice of Hearing on Petition for Adoption of K.W. in compliance with R.C.3107.11(B) on November 6, 2023. The Notice of Hearing contained the warning that if the appellant wished to contest the adoption she must file an objection to the appellees' petition within fourteen days from the date on which she received the Notice. She failed to do so.

**{¶21}** R.C. 3107.07 addresses consent to adoption, and states in pertinent part:

Consent to adoption is not required of any of the following:

\*　　　\*　　　\*

(K) Except as provided in divisions (G) and (H) of this section, a juvenile court, agency, or person given notice of the petition pursuant to division (A)(1) of section 3107.11 of the Revised Code that fails to file an objection to the petition within fourteen days after proof is filed pursuant to division (B) of that section that the notice was given….

The appellant failed to file an objection to the adoption of K.W. within the fourteen-day time period following her receipt of personal service of the Notice and Petition, and as a

result R.C. 3107.07(K) provides that her consent to appellee J.W.'s adoption of K.W. was not required.

{¶22} The appellant was also served with a Notice of Right to Counsel on November 6, 2023, separate and distinct from the Notice of Hearing. She completed the Application for Appointed Counsel and filed it with the clerk of courts on November 17, 2023. Based upon her request for counsel, the trial court appointed the Public Defender's Office to represent her during in compliance with the Ohio Supreme Court's edict in *Y.E.F., supra.*

{¶23} The appellant erroneously conflates her statutory right to withhold consent to the adoption with her right to counsel. She argues that because she requested representation within the fourteen-day time period, application of the fourteen-day time period within which to object to the adoption set forth in R.C. 3107.07(K) violates her constitutional right to due process. We disagree, and find that the right to withhold consent and the right to counsel are two separate and distinct rights, and both were properly protected by the court below. The trial court properly responded to the appellant's request for appointment of counsel. In addition, the trial court properly analyzed the consent issue.

{¶24} A biological parent's right to withhold consent to the adoption of his or her child is set forth in R.C. 3107.11. This Court addressed due process rights in the context of the failure to object a petition for adoption within the fourteen day timeframe set forth in R.C. 3107.07(K) in the case of *In re Adoption of E.H.D.,* 5th Dist. Stark No. 2020CA00097, 2020-Ohio-5014. In *E.H.D.,* the mother had been properly served with a notice of hearing on petition of adoption on December 30, 2019. The notice informed her that a petition for adoption had been filed, and a hearing had been scheduled. The notice

also set forth the language contained in R.C. 3107.11(B) regarding the impact of failing to object within fourteen days of service of the notice. The mother's attorney filed a motion to dismiss on February 24, 2020, arguing that the petition should be dismissed because the petitioners had failed to serve the mother with the "pleadings" in the case. The mother's counsel thereafter filed an objection to the adoption on February 28, 2020, sixty days after the mother had received notice of the petition and hearing. The probate court held that the mother's objection to the petition for adoption was not timely. She appealed, arguing in part that R.C.3107.07(K), which gave her only fourteen days within which to object, was an unconstitutional violation of her due process rights. This Court disagreed, stating:

> The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides a state shall not "deprive any person of life, liberty, or property without due process of law." The Supreme Court of Ohio has determined the "due course of law" clause of Article I, Section 16 of the Ohio Constitution is the equivalent of the "due process of law" clause in the Fourteenth Amendment. *Direct Plumbing Supply Co. v. Dayton*, 138 Ohio St. 540, 544, 38 N.E.2d 70 (1941).
>
> " 'Due process demands that the state provide meaningful standards in its laws.' " *In re Adoption of H.N.R.,* 145 Ohio St.3d 144, 2015-Ohio-5476, 47 N.E.3d 803, ¶ 25, *quoting Norwood v. Horney*, 110 Ohio St.3d 353, 2006-Ohio-3799, 853 N.E.2d 1115, ¶ 81. "At its most basic level, due process requires protection against arbitrary laws." *Id., citing Sacramento Cty. v. Lewis*, 523 U.S. 833, 845-846, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998).

"To satisfy the requirements of procedural due process, the means employed by a statute must have a real and substantial relation to the object to be obtained, and its methods must not be unreasonable, arbitrary, or capricious." *Id.*, *citing Nebbia v. New York,* 291 U.S. 502, 505, 54 S.Ct. 505, 78 L.Ed. 940 (1934) *and Mominee v. Scherbarth*, 28 Ohio St.3d 270, 274, 503 N.E.2d 717 (1986). To determine whether a particular procedure is constitutionally adequate, courts are generally required to analyze and balance three factors:

First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id.*, *quoting Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

*Id.* at ¶¶13-15. A similar analysis is appropriate in this case.

**{¶25}** The appellant submits that the application of these three factors to her case renders the probate court's actions an unconstitutional violation of her right to due process. Specifically, she argues that, with regard to the first factor, she had a private interest in withholding her consent to the adoption. Next, she argues that, with regard to the second factor, had the probate court "included in her paperwork the person or entity that would be appointed to represent her, she would have had the ability to contact them

herself well within the 14-day objection period to proceed accordingly. As such, the additional procedural safeguard of including a simple clause in the paperwork of which attorney or office would be handling her representation could have reserved her right to withhold consent to the adoption." She contends that the probate court's failure to include the name of the attorney or entity appointed to represent her violated her due process right to withhold consent to the adoption. Finally, she argues that the third factor should be balanced with the other two by "simply including in the paperwork served upon the parent the name and phone number of the appointed entity that would be represent", which "would be even more efficient as it could help preserve the right of a parent to withhold consent without expanding or creation an exception to the 14-day objection rule."

**{¶26}** The appellant essentially argues for an expansion of the applicable statute to require that, in order to ensure due process, the probate court must extend the fourteen day statutory period in cases of indigent parents until such time as counsel has been appointed. We cannot, however, expand the statute in such a manner, as any such extension of the law is the domain of the legislature.

**{¶27}** The Court in *E.H.D., supra,* addressed the due process concerns surrounding the fourteen-day time frame set forth in R.C. 3107.11(B), and applied the reasoning set forth in the case of *N.F., supra*, which stated:

> Accordingly, first we must frame the private interest involved. Although Rhoades argues that the private interest at issue is the fundamental liberty interest of a parent in raising his or her natural child, the private interest affected by R.C. 3107.07(K) is much more limited. Here, the private interest involved is the right to withhold consent to the adoption of

the child. R.C. 3107.07(K) does not constitute consent to the adoption of the child. *See Hess v. Bolden*, 5th Dist. Tuscarawas No. 2001AP080084, 2002 WL 54758, *3 (Jan. 8, 2002). Rather, R.C. 3107.07(K) "merely 'provides for cutting off the statutory right of a parent to withhold his consent to the adoption of the child,' leaving all other parental rights and obligations intact." *Id. See also In re Adoption of Jorgensen*, 33 Ohio App.3d 207, 209, 515 N.E.2d 622 (3d Dist.1986). Accordingly, until the court enters a final decree of adoption, the parent retains the rights and obligations of parenthood. *In re Adoption of Jorgensen* at 209, 515 N.E.2d 622. If the probate court does not find that the adoption is in the best interest of the child, any parental rights that the parent lost due to the operation of R.C. 3107.07(K) are "necessarily restored." *Id.*

With respect to the second factor, there is some risk that the 14-day deadline may deprive a parent of the right to contest an adoption if they intend to contest an adoption but fail to file a timely objection. However, this risk is reduced by R.C. 3107.11, which requires that parents who have not filed a consent with the court must be given notice of the hearing on the petition for adoption as well as notice that they must file objections within 14 days if they wish to contest the adoption. *See* R.C. 3107.11.

Concerning the third factor, "[t]he state's interest is determined through its intent in enacting the legislation at issue." *In re H.N.R.*, 145 Ohio St.3d, 2015-Ohio-5476, 47 N.E.3d 803, at ¶ 27, citing *State ex rel. Evans v. Moore*, 69 Ohio St.2d 88, 91, 431 N.E.2d 311 (1982); *Brock v. Roadway*

*Express, Inc.*, 481 U.S. 252, 258-259, 262, 107 S.Ct. 1740, 95 L.Ed.2d 239 (1987); *Lehr v. Robertson*, 463 U.S. 248, 263-265, fn. 20, 103 S.Ct. 2985, 77 L.Ed.2d 614 (1983); *Hamdi v. Rumsfeld*, 542 U.S. 507, 517, 531, 124 S.Ct. 2633, 159 L.Ed.2d 578 (2004). " '[T]he goal *128 of adoption statutes is to protect the best interests of children.' " *In re Adoption of A.N.*, 3d Dist. Union, 2013-Ohio-3871, 997 N.E.2d 1244, ¶ 26, quoting *In re Adoption of Zschach*, 75 Ohio St.3d 648, 651, 665 N.E.2d 1070 (1996). " 'In cases where adoption is necessary, this is best accomplished by providing the child with a permanent and stable home * * * and ensuring that the adoption process is completed in an expeditious manner.' " *Id.*, quoting *Zschach* at 651, 665 N.E.2d 1070.

With respect to R.C. 3107.07(B), which operates similarly to R.C. 3107.07(K) and provides that a putative father's consent to an adoption is not required if he fails to comply with a number of statutory requirements, the Ohio Supreme Court has held that "while strict adherence to the procedural mandates * * * might appear unfair in a given case, the state's interest in facilitating the adoption of children and having the adoption proceeding completed expeditiously justifies such a rigid application." *Zschach* at 652, 665 N.E.2d 1070. Moreover, "[i]t is not the role of this Court to second guess the legislature's policy decisions." *In re Adoption of A.N.*, 2013-Ohio-3871, 997 N.E.2d 1244, at ¶ 42. "The legislature is the proper arena for thrashing out policy considerations such as are involved in the sensitive area of adoptions." *Id.*

Consequently, after weighing the applicable factors, we cannot find beyond a reasonable doubt that R.C. 3107.07(K) violates the Due Process Clause of the Fourteenth Amendment.

*Id.* at ¶¶19-23. The *N.F.* court went on to state:

Furthermore, in *In re T.L.S.*, the Twelfth District determined that the notice served on the biological father, which specifically contained language identical to that found in the second and third sentences of the statutory notice contained in R.C. 3107.11(B), "clearly informed" the father that he was required to file an objection within 14 days of receiving the adoption notice. *In re T.L.S.*, 2012-Ohio-3129, at ¶ 11. Moreover, this court has previously found that the notice is sufficient to satisfy a putative father's due process rights as it informed the putative father that he needed to file an objection within 14 days and appear at the hearing if he objects to the adoption. *In re A.N.*, 2013-Ohio-3871, 997 N.E.2d 1244, at ¶ 33.

*Id.* at ¶ 29.

**{¶28}** In this case, a copy of the Notice of Hearing on Petition for Adoption of K.W. was served upon the appellant via personal service by the Tuscarawas County Deputy Sheriff on November 6, 2023. The Sheriff's Return of Service – Successful document detailing the personal service was filed on November 9, 2023. The language contained in the Notice of Hearing clearly informed the appellant that if she objected to the adoption she must file an objection with the court within fourteen days of having received service of the Notice. She failed to do so.

**{¶29}** Strict adherence to the procedural mandates of the adoption statute might appear unfair in a given case. However, "the state's interest in facilitating the adoption of children and having the adoption proceeding completed expeditiously justifies such a rigid application. See *Lehr,* 463 U.S. at 265, 103 S.Ct. at 2995, 77 L.Ed.2d at 629." *In re Zschach,* 75 Ohio St. 3d 648, 652, 665 N.E.2d 1070, 1074 (1996).

**{¶30}** We therefore find that the state's interest in facilitating the adoption of children and having the adoption process completed in an expeditious manner justifies strict adherence to the procedural mandates of R.C.3107.07(K). Further, "the legislature is the proper arena for thrashing out policy considerations such as are involved in the sensitive area of adoptions." *N.F., supra.* Finally, the Court has considered that holding individuals who fail to qualify financially for the appointment of legal counsel, even if by a small margin, to the 14-day time period while expanding the 14-day time period for individuals who meet the financial threshold to qualify for the appointment of counsel results in disparate, and arguably inequitable, treatment. Therefore, after weighing the applicable factors, we find that the trial court correctly held, pursuant to R.C. 3107.07(K), that the appellant's consent to the adoption was not required.

## CONCLUSION

{¶31} Based upon the foregoing, we find that the trial court did not err when it found that the appellant's consent was not required due to her failure to object to the adoption petition within fourteen days after proof of service of the Notice of Hearing on the Petition. Accordingly, the appellant's sole assignment of error is overruled, and the decision of the Tuscarawas County Court of Common Pleas, Probate Division is affirmed.


By: Baldwin, J.

Wise, John, J. concur

Gwin, P.J. dissents.

*Gwin, P.J., dissents*

{¶32} I respectfully dissent. I would find the trial court committed error in finding appellant's consent was not required due to her failure to object to the adoption petition within fourteen days because (1) appellant requested counsel within the fourteen-day objection period, and (2) the judgment entry appointing counsel was not issued until after the fourteen-day objection period.

{¶33} While the right to counsel in adoption proceedings is not created by statute, the Ohio Supreme Court indicated a broad desire to protect biological parents' rights in adoption proceedings when they held that indigent parents are entitled to counsel in adoption proceedings in probate court. *Matter of Adoption of Y.E.F.*, 163 Ohio St.3d 521, 171 N.E.3d 302 (2020). The Court specifically held that R.C. 2151.352 is unconstitutionally underinclusive as applied to indigent parents facing the loss of their parental rights in probate court. *Id.* Numerous times throughout the *Y.E.F.* opinion, the Supreme Court cited and examined R.C. 2151.352, the statute requiring the appointment of counsel in certain juvenile cases, and the Court included the statutory language "at all stages of the proceedings" in their analysis. *Id.* The Court stated that, "under Ohio's dual statutory scheme for terminating parental rights, indigent parents facing termination of their parental rights by adoption in probate court are similarly situated to indigent parents facing termination of their parental rights in juvenile court."

{¶34} R.C. 2151.352, the statute the Supreme Court deemed "underinclusive" as applied to indigent parents facing the loss of their parental rights in probate court, provides that a child's parent is entitled to representation by legal counsel "at all stages of the proceedings." In a juvenile case, this right to counsel arises when the parent becomes a

party to the juvenile court proceeding. This occurs when the complaint is filed or when the parent first appears before the juvenile court, whichever happens first. *In re Swingle*, 5th Dist. Muskingum No. CT2008-0008, 2008-Ohio-3314; *Matter of B.H.*, 10th Dist. Franklin No. 22AP-670, 2023-Ohio-3491; *Matter of J.L.*, 11th Dist. Lake No. 2021-L-072, 2021-Ohio-3978.

{¶35} Due to the Supreme Court's holding and analysis in *Y.E.F.* that indigent parents facing termination of their parental rights by adoption in probate court are similarly situated to indigent parents facing termination of their parental rights in juvenile court, I would find that appellant is entitled to counsel "at all stages of the proceeding," and that the fourteen-day objection period is a "stage of the proceeding."

{¶36} In this case, appellant took action prior to the expiration of the objection period by requesting counsel. However, the trial court did not issue the judgment entry appointing counsel until after the fourteen-day objection period had expired. Accordingly, I would find that the trial court committed error in basing its decision regarding the necessity of appellant's consent solely on the fact that she failed to file objections within the applicable fourteen-day period.